The opinion of the Court was afterwards delivered to the following effect, by
Parsons, C. J.
The defendant objects to the evidence on which the verdict in this case was found, insisting that on his part it is an agreement to pay the debt of Chaplin, and so is within the statute of 1788, c. 16. § 1., which is our statute of frauds, and that this agreement, containing no consideration in writing, will not take the casé out of the statute. To support his objection he relies on the case of Wain vs. Warlters.
As our statute of frauds is in this respect similar to the English statute of 29 Car. 2. c. 3. § 4., that case is in point, if this be a promise to pay the debt of another, within the intent of the statute. The decision in that case is of the first impression, and rests upon the legal import of the word agreement, as including not only the prom ise, but also the consideration for which it is made. And if agreement, as used in the statute, is to be taken, not in a popular, but in a strictly legal sense, it may be unreasonable to question the decision.
On looking further, we find the case of Egerton vs. Matthews (3), where it was determined on the seventeenth section of the same statute (similar to the second section of our statute), that a memorandum of a bargain for the sale of goods, signed by the party to be charged, would take the contract out of the statute, although the consideration of the bargain was not expressed in the memorandum.
These two decisions are not easily to be reconciled, (a) A bar gain is a contract or agreement between two parties, the one to sell goods or lands, and the other to buy them. A contract of this sort *280 is void in law, unless made on sufficient consideration. And the consideration of a bargain seems to be as necessary a [*361 ] part of it, *as of any other contract or agreement; and there is the same danger of perjury in proving the consideration of a bargain by paroi, as of any other agreement. But if the word agreement may be understood in the popular sense, as intending the undertaking of the party charged, and as not necessarily including the consideration for it, we may approve of the decision in the latter case, while we may doubt as to the former case.
But we do not think it necessary further to consider the application of these cases, which will require further time, as we are satisfied that the contract before us is not a contract to pay the debt of another within the statute.
The defendant is an original party to the contract, as well as Chaplin. The contract, in its legal construction, is a promise made, as well by the defendant as by Chaplin, for value received, to pay fifteen hundred dollars to the plaintiff’s intestate. To this promise Chaplin has signed as principal, and the defendant as surety. This mode of signing is an accommodation between the promisers, by which the defendant is entitled, if he pay the note, to an indemnity from Chaplin; but as to the intestate, they must be considered as joint and several promisers.
The legal effect of a note in this form is not different from a note in the form of “ For value received I promise to pay,” &c., and signed by one with the word principal annexed to his name, and by another with the word surety thus annexed. Or if the form of the note had been “ For value received I, A. B., as principal, and I, C. D., as surety, promise to pay,” &c. This last form is not uncommon, and the promise has always been holden to be made by each as original promiser.
If this note had been made by Chaplin, and delivered to Bennet, the intestate, and afterwards the defendant had been [ * 362 ] induced to guaranty the payment, it would * have been necessary to consider the defendant’s objection. But in the present case, the signatures of the promisers were made at the *281 same time, and before the note was delivered to Bennet; and when he received the note, it was the note of both, and also of each; or, in other words, it was their joint and several note.
Bidwell, Attorney-General, for the plaintiff.
The consideration to bind the surety is apparent on the face of the note, being the credit given to the principal by the promisee for the value received of him (a).
The case of Marsh vs. Ward, in Peake’s N. P. 130., is similar in principle. There the note was, “ I promise to pay W. M. 81. 5s. for value received in fixtures,” and it is signed Robert Bowling, Thomas Ward. Ward alone was sued, and it was holden that the note was as well several as joint.
In the note in the case at bar, Chaplin as principal promises payment, and the defendant as surety promises payment; and the promise is joint and several.
On this ground the plaintiff must have judgment on the verdict.

 6 East. 307.

 It is remarkable that the Court did not advert to this obvious distinction be *280 tween the cases. In Egerton vs. Matthews, the consideration appeared on the face of the memorandum; but m Wain vs. Warlters, no consideration appeared.
The cases like Egerton vs. Matthews are Stadt vs. Lill, 1 Camp. N. P. C. — 9 East. 348. — Russell vs. Mosely, 3 Bro. & Bingh. 211. — Wood vs. Benson, Theob. 13. — Morris vs. Stacey, Holt, N. P. 153. — Newbury vs. Armstrong, 4 Car. & Paine, 59. — 1 Mood. & Malk. 389. — 3 Moore & Paine, 509. — 6 Bingh. 34. — Ryle vs. Curtis, 8 Dowl. & Ryl. 62. — Ex parte Gardom, 15 Ves. 287. — Pace vs. Marsh, 1 Bingh. 216. — 8 Moore, 59.-Stead vs. Siddard, 8 Moore, 2. —1 Bingh. 196. — Coe vs. Duffield, 7 Moore, 252. The cases like Wain vs. Warlters are Saunders vs. Wakefield, 4 Barn & Ald. 595. — Jenkins vs. Reynolds, 3 Bro. & Bingh. 14. — Morley vs. Boothby, 10 Moore, 395. — 3 Bingh. 107. — Lyon vs. Lamb, Appx. to Fell. Guarantees.

 Sed vide Jackson vs. Hudson, 2 Camp. 447. — Britten vs. Webb, 2 B. & Cr. 483 3 D. & R. 650.