The opinion of the Court was delivered by
Colcock, J.
TJpon the first count the plaintiff cannot recover; for the endorsement is not within the statute of 3 & *4 Ann, and the custom of merchants. Chitty on Bills, 92. The note is payable to the plaintiff, and not to the endorser. To support the second count, the plaintiff should have proved that the defendant had become security for the payment of the money, and this is said to have been done, by proving the handwriting of the defendant, and his declarations of being taken in. This evidence may be sufficient to induce a belief, that it was the intention of the defendant to become responsible for the debt; but is not calculated to make it an original undertaking with Samuels. But it is contended, by the defendant’s counsel, that he is not liable in law, whatever he may have intended.
1. Because the undertaking of the defendant, as set forth in the declaration of the plaintiff, is nudum, pactum.
2. That it is a collateral undertaking to pay the debt of another, not reduced to writing.
It is difficult to fix the character of this undertaking. As stated in the 2d count of the declaration, it is nudum, pactum; for no sufficient consideration is stated. In the case of Stevens, Ramsay & Co. v. Minor Winn,[1] decided at Columbia, a note in writing, promising to pay the debt of a third person, was held to be within the statute of frauds ; and so in the case of Wain v. Warlters, 5 East Rep. 9. If such is the doctrine where the promise is expressed, it certainly will be held to apply where both promise and consideration are to be implied from the signature of the party, or inferred from his declarations ; where, in short, parol evidence must be introduced to prove a consideration, which is the very point decided in the case referred to under the construction of the word agreement, in the statute of frauds. If the endórsement be considered as unconnected with the note, as a mercantile transaction, and unaided by parol evidence, it is certainly a nullity. I would not be considered as abandoning the doctrine, which I contended for in the ease of Blair & Wade, (MSS.) If the plaintiff can prove distinctly, that the defendant intended to become a party to the original contract; and that when he made this endorsement, he ^delivered it with authority to the plaintiff, to fill it up in such way as would make him liable for the payment of the note, I think upon its being so filled up, and proof of these circumstances, that he may yet recover in another action, upon the authority of the cases of Allen v. Kittenridge, (7 Mass. Rep. 230;) Hunt v. Adams, (5 Mass. 358;) Curner v. Warner, (5 Mass. Rep. 545;) and the general doctrine on the subject. But as the case ip now pre *78 sented, it is nudum pacium, at common, law, or a collateral undertaking, and within the provisions of the statute of frauds. The judgment must therefore be arrested, and the motion granted.
Gantt, Cheves and Nott, JJ., concurred.

 2 N. McC. 372, note quod vido.