## READ & al. vs. CUTTS.

The essence of the engagement of a guarantor of a pre-existing debt, is that the debt shall be paid if the creditor shall take the usual legal steps to secure it, or to render the principal debtor's liability absolute. But where the original debt was due and payable and absolute before the guaranty was given; or where the rights of the creditor of an indorsed note or bill of exchange have become absolute against all the parties chargeable upon it; or where, from the absolute character of the debt guarantied, nothing of a preliminary nature on the part of the creditor is by law required, to perfect his rights;—demand and notice are not essential to the maintenance of an action against the guarantor.

Therefore where *H.* was indebted to *R.* in a certain sum then due and payable; and *C.* in consideration of an indemnity given by *H.* and of *R's* engagement not to sue *H.* for twelve months, promised to pay *R.* the debt at that time unless the same should have been paid *H.* :—it was held that this was an original and absolute undertaking; and that no demand and notice, nor diligence in pursuing *H.* were necessary in order to entitle *R.* to an action on the guaranty.

THIS was an action of *assumpsit* on a written promise of the defendant, dated *Jan.* 14, 1825, in these terms :—" Whereas *Tristram Hooper* of *Saco* has given his several notes of hand to *James Read & Co.* of *Boston,* one dated *Nov.* 25, 1824, for $689,11, and the other dated *Nov.* 26, 1824, for 1106,64 ; and whereas said *Tristram* has conveyed to me by his deed of this date a lot of land in said *Saco,* being numbered" &c. " Now for the consideration above, and in consideration that said *James Read & Co.* have promised to and will forbear to sue said *Tristram* on said notes of hand for and during the term of twelve months from the date hereof, I promise to pay the said *Read & Co.* the sum of thirteen hundred dollars at that time, unless the same shall have been paid by said *Hooper.*"

At the trial before *Parris J.* it appeared that *Hooper* continued in business as a trader in *Saco,* having a stock of goods liable to attachment, of the value of fifteen hundred or two thousand dollars, from the date of the notes till the time of his death, which was in *November,* 1826. His estate being represented insolvent, the plaintiffs proved their claims, being the two notes above mentioned, and

another dated *June* 30, 1825, for $229,12 ; on all which they received a dividend of $444,39 in the whole, under an agreement with the defendant that the rights of neither party should be thereby affected.   On the largest of the notes mentioned in the defendant's undertaking certain payments were made in the summer of 1825, amounting to seven hundred dollars.   And it appeared that in *June* of that year the defendant suffered the farm conveyed to him to be sold, and the proceeds of the sale to be received, by *Hooper ;* and that no notice of the non-payment of the notes was given to him, nor demand made, till the commencement of this action ; nor did it appear that the plaintiffs had ever taken any measures to enforce payment from *Hooper.*

Upon these facts, reported by the Judge, the question whether the action was maintainable was submitted to the Court.

*G. Thacher,* for the plaintiffs, to the point that the debt being due and payable when the guaranty was given, no demand and notice were necessary, cited *Warrington v. Furber,* 8 *East* 245 *; Phillips v. Astling,* 2 *Taunt.* 206 ; *Cannon v. Gibbs,* 9 *Serg. & Rawle,* 202 ; *Sage v. Wilcox,* 6 *Conn.* 81 ; *Oxford Bank v. Haynes,* 8 *Pick.* 423 *; Redhead v. Carter,* 1 *Stark. Rep.* 14 *; Goring v. Edmunds,* 6 *Bing.* 94 ; *Williams v. Granger,* 4 *Day* 444 *; Cobb v. Little,* 2 *Greenl.* 261.

Nor is the defendant discharged by delay.   *Poth, on Obl. part* 2, *ch.* 6, *sec.* 1—8; *Code de Com. l.* 3 *tit.* 14, *art.* 2011—2043 *; Rees v. Berrington,* 2 *Ves.* 540 *; Boultbee v. Stubbs,* 18 *Ves.* 20 *; Hunt v. Bridgham,* 2 *Pick.* 583 *; U. States v. Kirkpatrick,* 9 *Wheat.* 724.

But if demand and notice were generally necessary ; yet they are not, where, as in this case, the guarantor has been collaterally indemnified, or has funds in his hands for that specific object.   *Bond v. Farnham,* 5 *Mass.* 170 *; Mead v. Small,* 2 *Greenl.* 207 ; *Norton v. Eastman,* 4 *Greenl.* 521 *; Sturgis v. Robbins,* 7 *Mass.* 301 *;* 8 *Wheat.* 148.

And the plaintiffs have a right to apply the payments made, to such part of their debt as is not secured by the defendant.   *The Mayor & Commonalty of Alexandria v. Patten,* 4 *Cranch* 316 *;*

Read v. Cutts.

*Goddard v. Cox. Stra.* 1194 ; *Cremer v. Higginson,* 1 *Mason,* 338 ; 14 *East,* 239 *note* ; *Field v. Holland,* 6 *Cranch,* 8.

*M. Emery,* for the defendant, argued that whatever might be the construction of his written engagement, the plaintiffs had no right of action, except for a small balance unpaid. He was liable only for what *Hooper* should not pay. Now he paid seven hundred dollars in his life time ; and the claim, by virtue of which the plaintiffs received their dividend of $444,39 more, was supported by the notes in question ; to which, therefore, the dividend ought to be applied.

But here was no right of action till after request of payment made by the plaintiffs to the defendant. His promise was on a condition precedent, to be performed by the plaintiffs, whose duty it was to notify him that it had been performed, and demand payment accordingly. 1 *Bac. Abr. Assumpsit B* ; 2 *Com. Contr.* 420 ; 1 *Com. Dig. Assumpsit A.* 5 ; 1 *Lawes on Plead.* 190 ; 1 *Chitty on Plead.* 323 ; *Birks v. Tippet,* 1 *Saund.* 42.

It was also their duty to have demanded payment of *Hooper,* and to have given seasonable notice to the defendant of his neglect. For want of such diligence on the part of the plaintiffs, the defendant has been lulled into security, till his remedy is gone forever. No case can be found where laches so gross has been supported. *Phillips v. Astling,* 2 *Taunt.* 206 ; *Ex parte Adney Cowp.* 460 ; *Jones v. Cooper, Cowp.* 228 ; *Norton v. Eastman,* 4 *Greenl.* 521 ; 3 *Wheat.* 148, *note* ; *Cannon v. Gibbs,* 9 *Serg. & Rawle,* 202 ; *Warrington v. Furber,* 3 *East.* 246 ; *Oxford Bank v. Haynes,* 8 *Pick.* 423 ; *Sage v. Wilcox,* 6 *Conn.* 81.

And the fact that the notes were already due when the guaranty was given, makes no difference in the case. The reason why demand must be made on the principal debtor is that it may be known whether he will pay ; and the reason of notice to the guarantor or indorser is, that he may know his liability and its extent, and have opportunity to secure himself. These reasons exist, in the same force, whether the debt was due or not, at the time of his entering into the contract. *Duval v. Trask,* 12 *Mass.* 154 ; *Ulen v. Kittredge,* 7 *Mass.* 233 ; *N. Eng. Mar. Ins. Co. v. D'Wolf,* 8 *Pick.* 56.

*Read v. Cutts.*

Neither is the defence impaired by the deed made by *Hooper* to the defendant. It is mentioned merely as a consideration for the guaranty.' It was not put into his hands as security for a debt; nor as a fund out of which to pay the notes; but merely to indemnify him against his liability. And it was given up the better to enable the debtor to make the payments which he did, to the plaintiffs. Such a case is not within the principle of any known decision holding the guarantor liable for the debt. *Corney v. Da Costa,* 1 *Esp.* 302; *Brown v. Maffit,* 15 *East,* 223; *Dennis v. Morris,* 3 *Esp.* 158; 2 *Caines,* 343; *Bond v. Farnham* 5 *Mass.* 170; *Mead v. Small,* 2 *Greenl.* 207; *Dulaney v. Hodgkins,* 5 *Cranch,* 333; *Clegg v. Colton,* 3 *Bos. & Pul.* 239; *Tower v. Durell,* 9 *Mass.* 332; 2 *H. Bl.* 609; *Whitefield v. Savage,* 2 *Bos. & Pul.* 278; *Ireland v. Kip, Anthon's N. P.* 143.

*E. Shepley,* replied for the plaintiffs.

The opinion of the Court was read at the ensuing *September* term, as drawn up by

MELLEN C. J. Strictly speaking, guarantors, indorsers and co-obligors or co-promissors, are all sureties for others who are the principals; but still, in common parlance, the word surety is used in a more limited sense, to mean a co-obligor or co-promissor, entering into a contract with the principal jointly, or jointly and severally, and at the same time. He may in all cases be sued jointly with the principal. No demand of the debt or notice of its non-payment by the principal, need be proved in an action against such surety in any case. But the contract of a guarantor is entered into by him before or after that of the principal generally, and has, in terms, a special reference thereto. His contract always being of this peculiar character, he must always be sued seperately; and in many cases he cannot be made chargeable, unless a seasonable demand of payment be made on the principal and notice of non-payment given to the guarantor, where a pre-existing debt is the subject of the guaranty. In support of the above positions the following cases may be cited :

*Hunt v. Adams*, 5 *Mass.* 358 ;   *Carver v. Warren*, 5 *Mass.* 545 ;
*Moies v. Bird*, 11 *Mass.* 436 ;   *White v. Howland*, 9 *Mass.* 314 ;
*Upham v. Prince*, 12 *Mass.* 14 ;   *Oxford Bank v. Haynes*, 8 *Pick.*
423 ;   *Sage v. Wilcox*, 6 *Conn.* 81 ;   *Phillips v. Astling*, 2 *Taunt.*
206 ;   *Warrington v. Furber*, 8 *East.* 242 ;   *Sivinyard v. Bowes*,
5 *M. & S.* 62 ;   *Cannon v. Gibbs*, 9 *Serg & Rawle*, 202.   Another
distinction between a surety and a guarantor is that a promise of a
surety is supported by the consideration on which the promise of
the principal is founded ; and no other need be proved ;  but the
engagement of a guarantor must be founded on some new or inde-
pendent consideration, except in those cases where the guaranty is
given at the time the debt is contracted by the principal ; and so may
be considered as connected with it.   In support of the above princi-
ple in relation to a guarantor are the cases of *Leonard v. Vreden-
burgh*, 8 *Johns.* 29 ;. *D'Wolf v. Rabaud*, 1 *Peters*, 476 ; *Bailey
v. Freeman*, 11 *Johns.* 221 ; *Hunt v. Adams*, and *Sage v. Wilcox*,
cited before ; 3 *Kent's Com.* 86, 87 ; *Oxford Bank v. Haynes*,
before cited ; and *Packard v. Richardson*, 17 *Mass.* 122.

With respect to the question of demand and notice, in order to
charge a guarantor of the payment of a pre-existing debt, there seems
to be less certainty than might have reasonably been expected, con-
sidering the importance of the subject, especially in the commercial
community.   In the before mentioned cases of *Warrington v. Fur-
ber, Phillips v. Astling, Cannon v. Gibbs, Sage v. Wilcox*, and
*Oxford Bank v. Haynes*, and some others, demand and notice
were decided to be necessary, unless in case of the insolvency of the
principal.   In *Redhead v. Carter, Goring v. Edwards, Allen v.
Brightmore*, 20 *Johns.* 365, *Williams v. Grainger, Cobb v. Lit-
tle*, and some others, such demand and notice were decided not to be
necessary.   It is important to ascertain the true grounds of these ap-
parently opposing decisions ; and we apprehend that the principle on
which they rest, when carefully examined, will explain their seem-
ing contradictions, and show their consistency.   The essence of the
engagement of a guarantor, of the character we are considering, we
apprehend, is, that the debt shall be paid, if the creditor shall take
the usual and legal steps, to secure it or render the principal's lia-

bility absolute. In *Warrington v. Furber*, *Phillips v. Astling*, *Cannon v. Gibbs*, and *Oxford Bank v. Haynes*, the guaranty was that certain debts arising on bills of exchange or promissory notes, but which were not then payable, should be duly honored and paid. The case of *Bank of New York v. Livingston*, 2 *Johns. Ca.* 409, and *Cumston v. McNair*, 1 *Wend.* 457, are of the same character; and demand and notice were held necessary.

In the case of *Sage v. Wilcox*, it does not appear when the note, the payment of which was guarantied, was made payable; besides, in addition to the want of notice in due season, the court in their opinion say the promise alleged was absolute, but that which was proved was conditional. It is true that want of demand and of seasonable notice was one ground of the decision; but when we take into consideration the terms of guaranty, viz: " I hereby guaranty the payment of the within note one year from this date, whether a suit is brought against the signer, *Jacob Wilcox*, or not,"—it seems somewhat singular that the court considered a demand on the signer as essential. The decision is at variance with *Williams v. Granger*, and several other important cases, among which is that of *Allen v. Brightmore*, above cited. In most of the other cases before named, where demand and notice were held necessary, the plaintiff had not taken the legal steps to charge the principal debtor and obtain the money; and the omision so to do was not excused on account of insolvency. In all these and similar cases, it is evident that certain measures are to be pursued by the creditor to give effect to the guaranty, cases of insolvency excepted. But when the debt, which is the subject of the guaranty has become due and payable and absolute before the guaranty is given, the creditor has nothing to do to perfect his legal claim on the principal; it has become perfect, and the guarantor must be deemed conusant of that fact; and when a creditor's rights upon a bill of exchange or an indorsed note have become absolute as against all parties chargeable upon it; or when, from the absolute character of the debt guarantied, nothing of a preliminary nature on the part of the creditor is by law required to perfect his rights, why should demand and notice be essential to entitle him to maintain his action against the guarantor? We apprehend

that upon examination it will be found that the cases cited, as well as others, in which demand and notice have been held to be unnecessary, were decided upon the foregoing distinction. In *Cobb v. Little*, *Crague's* note was dated *April* 30, 1817, payable in six months; on the back of the note the defendant wrote these words: " I guaranty the payment of the within note in six months. *Thomas Little. June* 3, 1817." Here the guaranty was absolute, extending *Little's* term of payment beyond the six months named in the body of the note ; and nothing was by law required to be done by *Cobb* to perfect his claim against *Crague*. The court held that a demand on *Crague* and notice to *Little*, were not necessary. The court proceeded on the same principle in *Breed v. Hillhouse*, 7 *Conn.* 523, in which the payee of a promissory note, after it became due, received a guaranty of a third person in these words: " I hereby guaranty the payment of this note within four years." The court held it an absolute guaranty ; and that demand and notice were unnecessary. Here the note being due at the time of the guaranty, nothing was required to be done to perfect the payee's rights against the promissor. So in the case of *Norton v. Eastman*, 4 *Greenl.* 421, the court say, " if A holds a note against B for $100 payable in one year, and C guaranties the payment of it when due, in such a case notice is superfluous." So in *Allen v. Brightmore*, before cited, the court decided that no demand and notice were necessary, considering the promise of the guarantor as absolute that the maker of the note should pay it or that he himself would. In *Boyd v. Cleaveland*, 4 *Pick.* 525, the defendant, an indorser, declared to the plaintiffs, who had no confidence in the other parties to the note, that he should be in *New York* when the note would become due, and would take it up, if not paid by any other party to it; and the court held that the plaintiffs were not bound to give notice of the non-payment by the maker, as in those cases where an implied promise is relied on. In *Redhead v. Carter*, no notice was given ; but the cause was decided on another ground, namely, that the undertaking or engagement was absolute, and so no notice was necessary. It was a case at *nisi prius*, and the promise of the de-

fendant seems to have been considered as an independent and original contract on his part.

The case of *Jones v. Cooper, Cowp.* 228, was different from the present; it merely presented the question whether the defendant's promise was a collateral one, and so was within the statute of frauds. And *Adney's* case also was one of a collateral and contingent nature, and so not proveable before commissioners of bankrupt.

In the case at bar, it appears that *Hooper*, on the 25th of *Nov.* 1824, gave his promissory note to the plaintiffs for $689,11, and on the next day gave them another note for $1106,64; both payable on demand; and that the defendant on the 14th of *January*, 1825, signed the agreement on which the present action is founded; and he states that in consideration of a conveyance of a tract of land to him by *Hooper*, and of the plaintiffs' promise to forbear to sue *Hooper* on said notes of hand for and during the term of twelve months from the date of his contract, and of their actual forbearance during that term, he would pay the plaintiffs the sum of thirteen hundred dollars at the end of said twelve months unless the same should then have been paid by said *Hooper*. The consideration of this promise is a legal one; and no question is made as to its sufficiency. No demand was made on *Hooper* at the end of the twelve months, though for many months after that time he remained solvent and amply able to pay the notes. And it is not denied that the plaintiffs did forbear to sue *Hooper* during the twelve months. On these facts it is contended that this action is not maintainable, on account of the omission to demand payment of *Hooper* at the end of the term of credit to the defendant, and to give notice of non-payment by him; and also on account of the *laches* of the plaintiffs in not collecting the money of *Hooper* in his life time. With respect to this latter objection we would observe that it has been repeatedly decided that mere delay to pursue the principal and collect the money of him, does not discharge a surety or guarantor, provided such delay be unaccompanied by fraud, or an agreement not to prosecute the principal, made without the assent of such surety. *Lock v. U. States*, 3 *Mason* 446; *Hunt v. Bridgham*, 2 *Pick.* 583; *U. States v. Kirkpatrick*, 9 *Wheat.* 724; *Kennebec Bank v. Tuckerman* 5 *Greenl.*

25

130. As to the objection that no demand was made on *Hooper*, or notice of non-payment given to the defendant, the cases before cited as applicable to such a guaranty as the present furnish an answer. The liability of *Hooper* on his notes to the plaintiff was an absolute one at the time he signed the guaranty ; they had then a perfect right of action upon them against *Hooper*, without any demand upon him. The defendant did not employ the language made use of in the case of *Sage v. Wilcox*, "I guaranty the payment of the note ;" but it is, "I promise to pay the sum of thirteen hundred dollars at that time," (the end of twelve months) "unless the same shall have been paid by said *Hooper*." If the defendant at that time had called on the plaintiffs to pay the notes according to his promise, he would have learned that they had not been paid, and that he must pay them. Nothing being necessary to be done on the part of the plaintiffs to perfect their rights as against *Hooper*, this case does not come within the principle of the decisions before mentioned in which demand and notice were held necessary. The plaintiffs knew that *Cutts* had received a conveyance of a tract of land from *Hooper* by way of indemnity against loss in consequence of the guaranty ; and the land thus conveyed, was stated at the argument to be worth $1300 or more, and this fact was not denied. This very circumstance naturally lulled the attention of the plaintiffs, and led them to the conclusion that the defendant would promptly fulfil his engagement, attend to his own interest, and take notice of those facts which might seriously affect it. Instead of all which, within less than six months after giving the guaranty, he conveyed the land, and permitted *Hooper* to receive the avails of it. He has thus voluntarily given up his indemnity, and has placed himself in his present situation and there is no one but himself on whom to cast any blame. There is no proof that the defendant ever informed the plaintiffs of the above fact until after the commencement of the present action.

As to the question of damages, we are of opinion that the defendant is answerable to the extent of thirteen hundred dollars, and interest thereon, from *January* 14, 1826, unless the payments which have been made by *Hooper*, have reduced the sum now actually due, below the amount. It does not appear that those payments

were specially directed to be applied in part discharge of the defendant's liability ; and such being the case, the plaintiffs had the right to make the appropriation, and consider the sums paid as going to extinguish, *pro tanto,* the portion of the two notes not collaterally secured by the guaranty of the defendant. *Brewer v. Knapp & al.* 1 *Pick.* 332.

According to the agreement of the parties, a default must be entered.