By the Court, Cowen, J.
The absolute liability of Prosser is not denied; but it is made a question whether he can be treated either as endorser, or a joint or several maker with the other defendants ; and it is insisted, moreover, that the note is not negotiable.
I think it will be seen, on authority, that he is liable with the other defendants as a joint and several maker.
In Hunt v. Adams, (5 Mass. R. 358,) Chaplin made a note payable to Bennet, the plaintiff’s intestate, under which Adams wrote, “ I acknowledge myself holden as surety for the payment of the demand of the above note.” The court held an action to be sustainable by the payee, against Adams, as upon a promissory note. One court set out a joint and several note of- him and Chaplin; and the other, a several note of Adams. Parsons, C. J. said that, as to the intestate, the two papers must be considered the joint and several promissory note of Chaplin and Adams; that it was the same thing in effect as if Adams’ name had been signed directly to the note aa surety. In White v. Howland, (9 Mass. R. 314,) one Taber made his note payable to Wm. White or order; on which the defendant, with another, endorsed, “For value received, we jointly and severally undertake to pay the money within mentioned to the said Wm. White.” The court said, the case was within the reason of Hunt v. Adams, and the effect of the defendant Howland’s signature the same as if he had signed the note on the face of it as surety; that is to say, according to Hunt v. Adams, the whole was to be taken as a joint and several promissory note by Taber, Howland and *258 the co-signer with the latter. In Hough v. Gray, (19 Wend. 202,) Moon made his note payable to Cameron, or bearer, and Hough endorsed, “ This may certify that I guarantee the payment of.the within note.” We held that he was liable as maker, severally, to Gray who had purchased the paper of Cameron. I remarked, that the court below were clearly right in holding that Hough was liable as a joint and several maker with Moon, the admitted maker; referring to the cases collected in Dean v. Hall, (17 Wend. 214,) among which are the two cases I now cite from the Mass. Rep. If the respective papers in those cases were in effect joint and several promissory notes, it followed that those in Hough v. Gray were such; and that they were negotiable, like a promissory note. These cases decide the present. Mr. Prosser’s guaranty was the same in legal effect as if he had signed with Edson and Arnold as surety. His promise was absolute ; not a mere commercial endorsement. In Allen v. Rightmyer, (20 John. R. 365,) the court said of such an undertaking, “ it is absolute, that the maker shall pay the note when due, or that the defendant (the endorser) will himself pay it.” How is this distinguishable from a direct signature as surety 7 In the latter case, both promise to see the money paid at the day. A man writes thus—“ I promise that $ 100 shall be paid to A. or bearerwho would doubt that such a promise would be a good note ? The use of the word guaranty, or warrant, or stipulate, or covenant, or other word importing an obligation, does not vary the effect. Read the obligation of a man who signs a note with his principal, “A. B. suretyboth and each virtually stipulate in the language of the note I have supposed. Both promise that ■ the payee shall receive. In Morice v. Lee, (8 Mod. 362, 4,) Fortescue, J. said, “I promise that J. S. or order shall receive £100,” is a good note. Suppose it to stand, “ shall receive £100 of James Jackson or, “I will see that £100 is paid by James Jacksonall this, and the like, is no more than saying, I will pay so much by the hand of another. If there be, in legal effect, an absolute promise that money shall be paid, all the rest is a *259 dispute about words. A note is payable to A. or order, and he endorses it to B. thus: “ Pay the contents to B.—I waive presentment and notice as endorserthis is a good promissory note. The law raises an absolute promise on such an endorsement. No doubt it enures as an endorsement for the purpose of transferring the principal note; but it is moreover an absolute promise to. pay. It is saying, “ so much is, without condition, due from the endorser to the endorsee.” And a common due bill is a note. (Kimball v. Huntington, 10 Wend. 675, 679, 680.) The whole inquiry is, does the, paper import an engagement that money shall be paid, absolutely? If it do, no matter by what words, it is a good note.
Then, on the question whether this note be joint or several or both: “I promise to pay,” signed by two, is joint and several. (Chit, on Bills, 561, Am. ed. of 1839.) Each engages for himself and both. It is the same thing, where one promises as' principal, and the other as surety, and whether they both sign on the same side of the paper, or on different sides. Each engages and both engage for payment of the same sum," at the same time, and to the same person; their obligations are identical throughout; both papers make but one instrument. When the endorser says, “I guaranty the payment of the within note,” he promises the future holder, as well as the payee. The authorities say rightly, he has done the same as if he had signed as surety. By reference, the guaranty becomes a part of the principal note. The guarantor becomes surety for the note as it is, payable to bearer, without declaring that he will engage to any other than the payee.
That the guaranty in question does not come up to the definition of a promissory note, we are referred to Oxford Bank v. Haynes, (8 Pick. 423.) In that case, it was certainly held, that the words “I guaranty the payment of the within note,” signed by the guarantor, made him liable as such, but not as surety; in ‘other words, the court denied to such an endorsement the operation of a promissory note. But the decision was based on a rule as to the mode of fix *260 ing guarantors peculiar to that state. The court admitted, that if the engagement were to be considered absolute, it was a promissory note; but they considered it conditional, and, “Under some circumstances at least, as requiring presentment and notice, to fix the guarantor; and such is. the doctrine of some other states. It is, however, unknown here. It was repudiated in Allen v. Rightmyer, and often since; in one Case, very lately, on a review of several decisions by the courts of the U. States and by the state courts.(a) ' This distinction prevailing in Massachusetts, of course makes all the difference. With our rules as to charging guarantors, the learned court in Massachusetts' virtually concede, that' the defendant’s guaranty would be considered a note, even there. Another case cited for the defendant, proceeded on the same ground as that of Oxford Bank v. Haynes. It is Green v. Dodge, (2 Hamm. Ohio R. 430, 439.) Another, (Cumpston v. McNair, 1 Wend. 457,) went on the ground that the guaranty was not, as in this case, absolute, but was made conditional by its own express provisions. All three of these cases will be found, when their principle is seen, to be in favor of the views I have expressed concerning the guaranty now in question. I am aware of no case the other way. Non constat, in Meech v. Churchill, what was the language of the guaranty. The case is very far from deciding the present.
New trial denied.

 Douglass v. Howland, (24 Wend. 35.)