## FANNY F. RICHARDSON vs. ANNIS A. LINCOLN.
## THE SAME vs. THE SAME.

In an action by an indorsee against one who signed a promissory note on the back thereof, the indorser is a competent witness to prove that the defendant signed the note at the same time with the promisor whose signature was on the face of the note.

Where the payee of a promissory note, which is in the hands of his attorney, indorses it *bonâ fide* to a third person, and leaves it in the attorney's hands for the use of the indorsee, the attorney thereby consents to hold it for the indorsee, and becomes his agent; and if the attorney bring an action on the note in the indorsee's name, which he sanctions, this is proof of actual transfer and constructive delivery of the note, though the indorsee never sees it.

An indorsement of a note ' without recourse,' transfers the whole interest therein, and merely rebuts the indorser's liability to the indorsee and subsequent holders. But such indorsement, with other circumstances, may tend to show that the note was not indorsed for value, so as to prevent the promisor from making the same defence, in an action by the indorsee, which he might make in an action by the promisee.

THESE were actions upon two promissory notes, one dated December 22d 1837, for $80, and the other dated October 22d 1838, for $200. The notes were signed by Lemuel Arnold jr. on the face, and by the defendant on the back; they were made payable to Zaccheus Richardson, or order, and were indorsed by him. Trial in the court of common pleas, before *Strong,* J.

The plaintiff declared against the defendant as original promisor, and called the payee, Zaccheus Richardson, as a witness, to prove that the note was signed by the defendant simultaneously with Arnold. The witness was admitted, though objected to by the defendant.

It appeared in evidence, that two former actions had been commenced on these notes, and entered in court, in the name of said Zaccheus, the payee, in which actions he became nonsuit. Before the former actions were commenced, the notes were placed, by said Zaccheus, in the hands of Sidney Williams, Esq. who commenced the former and the present actions. The defendant contended that the indorsement of the notes to the present plaintiff, (who was shown to be the daughter of said Zaccheus, and to live in the same house with him,)

was not *bonâ fide*, but collusive and fraudulent, to enable the said Zaccheus to be a witness ; and that he was still the owner of the notes.    This question was submitted to the jury.

Said Zaccheus testified that the contract by which the notes were sold by him to the plaintiff, and the payment received by him, were at his house ; that he believed what was written over his name on the note was written by Mr. Williams, who brought the actions, and in his office, and that the plaintiff was not present ; that he negotiated both notes to the plaintiff at the same time ; that this transfer of the notes to her was after he had commenced suits thereon in his own name, and before the commencement of the present actions ; that he never took the notes out of Mr. Williams's possession after they were left with him for the purpose of bringing the former actions ; that he had never touched a pen to them since he delivered them to Mr. Williams ; and that he placed his name on the back of said notes, as he believed, before the commencement of the former actions.

Sidney Williams Esq. testified that the body of the indorsements was written by him, in his office, a short time before the commencement of the present actions :    That the notes were put into his hands about a year before suits were brought on them by said Zaccheus, who then owned them ; that nonsuits were entered in those suits, and that the body of the indorsements was afterwards made to transfer the notes to the plaintiff : That he (the witness) could not say when he first saw the name of said Zaccheus on the back of the notes, but that his name was there before the present actions were commenced.

It did not appear that the notes had ever been out of Mr. Williams's office, after they were first lodged there by said Zaccheus, or that the plaintiff had ever been in said office.

The counsel for the defendant contended that if the sale of the notes to the plaintiff, at her father's house, was *bonâ fide*, yet the property in them did not pass, for want of delivery ; as the evidence showed that they must have been indorsed to ner at Mr. Williams's office, where there was no one to receive them for her.

The judge instructed the jury, " that if the sale of the notes was *bonâ fide,* the property therein would pass ; either no delivery was necessary, or, from the time of the sale, Mr. Williams would be the agent of the plaintiff; and the note, being in Williams's possession, would be a sufficient delivery to the plaintiff."

The jury found a verdict for the plaintiff, in both cases, and the defendant alleged exceptions to the foregoing decisions and instructions.

*Coffin,* for the defendant.

*Eliot,* for the plaintiff.

SHAW, C. J. The principal question of law arising upon these exceptions is, whether Zaccheus Richardson, the payee and indorser of the note, was a competent witness.

The defendant not being the payee of the note, having put his name upon it in blank, he must be considered an original promisor and surety, if he so put his name upon it simultaneously with the promisor, as an original contractor. *Hunt* v. *Adams,* 5 Mass. 358 : 6 Mass. 519. *Samson* v. *Thornton,* 3 Met. 275. The object of offering the father as a witness was to prove that fact. He had formerly brought suits in his own name, and became nonsuit, probably on account of the want of proof, upon the point mentioned. He then negotiated the notes to his daughter, who now sues as indorsee. The case places the father in a situation, in which he had a strong bias in favor of the plaintiff; but that is an objection to his credit, and not to his competency. He had no pecuniary interest in the event of the suit, and was therefore competent. *Spring* v. *Lovett,* 11 Pick. 417.

It was then contended, that there was no proof of delivery of the indorsed note by the father to the plaintiff, so as to enable her to sue as indorsee. It is no doubt true, that if the holder of a note simply makes an indorsement upon it, directing it to be paid to a third person, and retains it in his own possession or power, no interest vests in the indorsee. But a constructive delivery is sufficient ; any act which puts it into the power or under the control of the indorsee. Even in case of the sale of goods, deposited in the hands of a third person, a

contract of sale, with an order to the depository to deliver them to the vendee, is a good constructive delivery.

In this case, the note was in the keeping of Mr. Williams, as the attorney of the promisee, and he was then his agent. But when Richardson, the promisee, negotiated the note to his daughter, and left it in Mr. Williams's custody for her use, he thereby consented to hold it for her, and became her agent, and brought an action upon it in her name, which she sanctioned by original order or subsequent ratification. This is abundant proof of actual transfer and constructive delivery, and makes her indorsee and holder of the note, although she never saw it. In the case of *Hedge* v. *Drew*, 12 Pick. 141, it was held, even in case of a deed, that a delivery by the father to a third person, for the use of his daughter, and her subsequent assent to it, was a good delivery to pass real estate.

It was stated in the argument for the defendant, that this note was indorsed without recourse, from which it was contended that the indorsee was to be regarded as the agent of the indorser, to collect it for his use. This, if it was so indorsed, is not a just conclusion. Such an indorsement transfers the whole interest, and the clause, " without recourse," merely rebuts the indorser's liability to the indorsee and subsequent holders. It has indeed been sometimes considered that this clause, with other circumstances, tends to show that the note was not indorsed for value, and in the usual course of business, giving the indorsee an absolute title, without set-off, or such other defence as the maker might have, if sued by the promisee. But in the present case, if the defendant had any such set-off, or other defence, as against the promisee, it would be fully open to him, not only because the note was indorsed without recourse, but because it was indorsed after it had been long overdue.

*Exceptions overruled.*