Shaw, C. J.
The jury having been instructed, that if they believed the facts stated by Drew, the plaintiff was entitled to recover, we are to look at that testimony, as fully stated in the bill of exceptions, to ascertain whether this direction was right.
This is a suit against the defendant as a guarantor of the promissory note set out in the exceptions, which appears by the case to have been a note payable in ten days from date signed by Stevens Merrill, as maker, payable to Daniel Prescott, or order, and indorsed by Prescott in blank, and subsequently by the defendant, Arthur Merrill, in blank. No demand of the promisor, or notice to the indorser, was proved; and therefore no claim was made by the plaintiff to charge the defendant as indorser.
This is an attempt to charge a second indorser as a guarantor. We are of opinion, that the action will not lie, for several reasons:
I. It is no more competent to alter and vary the legal effect of a written instrument by paroi evidence, than to alter and change its express terms. On the face -of the paper, the defendant is liable as a second indorser, with the rights and privileges of that relation, and subject only to the obligations, which it imposes. One of the latter is, that the indorser is liable only on a condition, which, in this case, did not happen, oí a dishonor of the note by the promisor, and seasonable *83 notice thereof to the indorser; but the attempt is to charge the indorser absolutely as a promisor or guarantor. All the cases, from Hunt v. Adams (5 Mass. 358,) down, it is believed, in which one has been so charged, are cases, where the name appears on the note, but not as a regular indorser. A second reason is, because,
2. The defendant’s name was not put upon the note, until it had been negotiated to a creditor; and the defendant can in no sense be regarded as an original party. Sampson v. Thornton, 3 Met. 275. He cannot be charged as upon a subsequent and separate contract of guaranty, for want of a consideration.
3. The testimony does not show, that the holder expected to obtain, or the defendant intended to give, any other obligation for the payment of the note, than that which would arise from his being a second indorser, liable for the payment, upon dishonor and notice. He said, “ I am requested to indorse it,” (the note) referring to the letter, and the proper mode, therefore, was to place his name as second indorser.
It does not vary the result, that the name of the first indorser was forged. Each indorser guarantees the genuineness of the note by putting it in circulation, and is as much responsible for it, as if all the names on the note were genuine.

Exceptions sustained.