## Joshua Pray vs. Sebeus C. Maine.

P. made a promissory note to secure a debt from him to the payee; and W., before its delivery, put his name on the back of it: W. afterwards paid the debt, and the payee indorsed the note to him. It was held, that by the payment of the debt, the note was extinguished, and could not afterwards be put in circulation by W. as against P.

This was an action of assumpsit. The defendant filed in set-off a promissory note for $100, payable to Chandler & Maine, or their order, signed by the plaintiff, and indorsed " Chandler & Maine to Wingate," underneath which indorsement appeared the name of " Andrew T. Wingate," erased.

At the trial in the court of common pleas, before *Perkins*, J., it appeared that the signature of Andrew T. Wingate, mentioned in the indorsement, was put on the note for a good consideration, at the time that the note was signed by Pray, and before it was delivered to Chandler & Maine; to whom it was given for the purpose of securing the payment of expenses incurred and services performed by them as attorneys in relation to the proceedings upon an application for the benefit of the insolvent laws, which Pray was about to make. Wingate afterwards paid $81 in full of said services and expenses, and Chandler & Maine thereupon surrendered the note to him, and made the indorsement above mentioned. At the time the note was made, Wingate owed Pray $100, $50 of which he had since paid; so that after he had paid the $81 to Chandler & Maine, Pray owed Wingate $31. Wingate then sold and delivered the note to Maine for $31, without indorsing it.

The judge, at the request of the plaintiff, ruled that the defendant could not avail himself of this note in set-off to the plaintiff's demand, to which ruling the defendant excepted.

*Joel P. Bishop*, for the defendant.

*F. W. Sawyer*, for the plaintiff.

Shaw, C. J. No title is shown by the defendant to the note relied upon as a set-off. Wingate, though he put his name on the back of the note, was still a promisor to Chandler &

Maine, as settled in *Hunt* v. *Adams*, 5 Mass. 358, and 6 Mass. 519. The note was therefore extinguished, by payment by a promisor, who could not again put it in circulation as against a co-promisor. The only right that Wingate derived, or could derive, from the payment thus made by him as surety and co-promisor, was to claim the amount of Pray for money paid at his request, and for his use, and that right was not negotiable. *Exceptions overruled*