EAST BRIDGEWATER SAVINGS BANK *vs.* E. MABEL BATES.

Norfolk.    January 10, 1906. — March 5, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Bills and Notes. Surety. Evidence,* Extrinsic affecting writings.

When a principal and sureties sign a promissory note by which they "jointly and severally promise to pay " the amount stated, each of the sureties is liable individually as well as jointly and may be sued separately.

If, in an action against a surety on a promissory note payable on demand for a balance due thereon, it appears that for nearly five months the note was at a bank awaiting payment and there is evidence warranting a finding that the defendant was notified of a demand for the payment of the note at the place where it was payable, a verdict against the defendant for the amount unpaid on the note is justified, even if proof of a formal demand is necessary, which was not decided.

In an action by a savings bank as the payee of two promissory notes payable on demand against a married woman who signed both notes as a surety, if the treasurer of the plaintiff has testified that he wrote to the defendant a certain letter stating that the plaintiff accepted a proposition to wait for the payment of the balance due on the notes until certain dates when certain amounts named should be paid, the witness may be asked by the plaintiff what was meant by the proposition and may testify that the proposition referred to was made by the defendant's husband in her behalf, thus explaining the ambiguity in the letter and showing that the proposition accepted was not an arrangement with the principal to extend the time of payment without the consent of the defendant which might discharge her as surety.

CONTRACT on two promissory notes signed by the Hampshire and Worcester Street Railway Company as principal and by the defendant and two other persons as sureties whereby they jointly and severally promised to pay in one note $6,000 and in the other note $5,400, both being dated August 19, 1903, and payable to the plaintiff on demand from date without grace, to recover a balance alleged to be due thereon. Writ dated April 18, 1904.

At the trial in the Superior Court before *Hardy,* J. one Smith, called by the plaintiff, testified that he was the collection clerk in the Fourth National Bank of Boston, and that he held the same position in November, 1903; that after August 19, 1903, the notes in suit were sent to him by the East Bridgewater Savings Bank for collection; that he received them on Novem-

ber 11, 1903, and that they were at the Fourth National Bank until April 2, 1904, and were not paid; and that he did not notify any of the parties to the notes that they were there.

One Mann, also called by the plaintiff, testified that he was the treasurer of the plaintiff, the East Bridgewater Savings Bank, and had been so for twelve years; that as treasurer of that bank the notes in suit were in his custody; that he sent them in the early part of November, 1903, to the Fourth National Bank for collection; and that he left them there until April 20, 1904; that a letter was written to the defendant on October 20, 1903. The defendant was requested to produce the letter, and, she having made search and stated that she found no such letter, the judge admitted a copy of the letter which the witness testified had been mailed to the defendant, as follows:

"Mrs. E. Mabel Bates,                              October 22, 1903.
      Care of Henry N. Bates,
          Hyde Park, Mass.
"Dear Madam:

"We have this day notified the Hampshire and Worcester Street Railway Company that we shall expect payment on November 19, 1903, of the notes dated August 19, 1903, and signed by them as principal and yourself as surety.

| | |
|---|---|
| Principal . . . . . . | $11,400 |
| Interest, 3 mos. at 6 per cent. . . | 171 |
| | $11,571 |

"Please see that payment is made promptly at the Fourth National Bank and oblige

        "Yours,            C. F. Mann, Treasurer."

He further testified that on November 19, 1903, another letter was sent by mail to the defendant, and such letter being demanded and not found by the defendant, the following was admitted by the judge as a copy of the letter sent:

"Mrs. E. Mabel Bates,                         November 19, 1903.
      Care of Henry N. Bates,
          Hyde Park, Mass.
"Dear Madam:

"We received yesterday the sum of $1,500, on account of principal of $5,400 note held by us, payment of which note

was demanded as of this date. We have accepted the proposition to wait for the payment of $1,500 until November 28, 1903, $2,400 until December 31, 1903, and $6,000 note to January 30, 1904, with the understanding that the payment shall be made promptly on those dates. We have mailed them a receipt for exchange of collateral for you to sign and return to us.

" Yours truly,          C. F. Mann, Treasurer."

The witness also testified that the notes were not paid on the dates mentioned in this last letter, and had not been paid, except a partial payment of $900 made on April 23, 1904.

On cross-examination he testified that the proposition referred to in the letter of November 19, 1903, was made with Henry N. Bates, the husband of the defendant, and that the defendant was not present on that occasion, and that he did not see her at all in relation to that proposition.

On re-direct examination the witness was asked the following questions by the counsel for the plaintiff, against the exception of the defendant:

Q. " What was the proposition referred to?

A. " I call it a proposition. I think the note came due on the 19th. The letter explains it at any rate, and I either met Mr. Bates — I have forgotten now whether it was at the Fourth National Bank or at the office he occupied in the same building, and I think he made the payment at that time and he said this is all that we — "

Counsel for the defendant: " Wait a moment. The fact that he made a payment I have no objection to."

A. " At the same time he said ' I cannot pay the note ; we cannot pay the note but we — ' "

Counsel for the defendant: " I do not think the talk with Mr. Bates is competent against the defendant in this case."

The judge : " It is only explaining what was written to her in the letter of November 19, and as throwing light on that letter I think it is competent."

Counsel for the defendant: " For the present I will ask to have an exception to that."

A. " That is the proposition."

Q. "Just state what the proposition was; that is all I want."

A. "As written in the book there, the payment of $2,400 I think at one date and another payment on another date."

The foregoing was all the evidence in the case. The defendant asked the judge to rule that on the evidence the plaintiff as a matter of law was not entitled to recover. The judge refused so to rule, and the defendant excepted. The judge instructed the jury as follows:

"I don't know as I can say much to you on this subject, but under the pleadings it is admitted that the notes were signed by the defendant. She signed the notes as surety for the railroad company as described in the notes, and under that signature she bound herself not only jointly to pay the notes but severally upon demand, and therefore it is not necessary for the plaintiff in this suit to bring a suit against all of the parties, that is, join them together as parties defendant, but the plaintiff has a right to bring suit against this defendant alone, and it has seen fit to do so, so you would necessarily find under this proof that this defendant did sign the note. She said by the terms of that note that she would pay the note on demand, and some evidence has been offered here of the demand. It is for you to say whether that evidence is sufficient to satisfy you that a proper demand was made in accordance with the terms of the note.

"If there is nothing here to meet that proposition, and you are satisfied that the demand was made, then the plaintiff is entitled to recover against the defendant. There has been no evidence introduced here on the part of the defendant to show that any other payments have been made than the payments indorsed on the notes themselves. That is, the payment on the part of the principal on one of the notes to the amount of $2,400 and the payment of interest. Now it is for you, when you retire to your jury room, if you are satisfied that a proper demand has been made, to assess the amount of damages that the plaintiff is entitled to recover, and the damages will be the amounts of the notes unpaid and the amount of interest due upon such balance from the date of the note at the amount of six per cent up to the date of the verdict.

"I think I have given you all the information that is necessary

in connection with the case, unless there are some suggestions that the counsel desire to make."

The defendant excepted to so much of the charge as instructed the jury that the defendant bound herself with the rest jointly and severally to pay the note on demand, and to so much of the charge as instructed the jury that the effect of the notes was that the defendant said she would pay the notes on demand, and to so much of the charge as instructed the jury that it was for them to say that there was evidence that a proper demand was made on the defendant, and that that was a question of fact to be left to the jury.

The jury found for the plaintiff; and the defendant alleged exceptions.

*E. L. Marchant*, for the defendant, submitted a brief.

*C. F. Choate, Jr.*, for the plaintiff.

KNOWLTON, C. J.   The promissory notes declared on were signed by the Hampshire and Worcester Street Railway Company as principal, and by the defendant and two other persons as sureties.   In each of them the signers "jointly and severally promised to pay." the amount stated.   The defendant, therefore, became liable individually and severally, as well as jointly, for the payment. *Hunt* v. *Adams*, 5 Mass. 358. *Hunt* v. *Adams*, 6 Mass. 519, 523. *Union Bank* v. *Willis*, 8 Met. 504, 510. In this particular the fact that she signed as a surety does not affect her primary liability to the holder of the notes, but only shows the relations of the makers to one another.

The notes were payable at the Fourth National Bank, Boston, and, from a time about three months after the delivery of them, they were at this bank for nearly five months, awaiting payment. Copies of letters written by the plaintiff to the defendant were put in evidence, which well warranted a finding by the jury that the defendant was notified of a demand for payment of the notes at the place where they were payable.   Without intimating that any formal demand was necessary, this was ample to justify the verdict against the defendant for the amount remaining unpaid.

The oral testimony of the plaintiff's treasurer was competent to explain an ambiguity in the letter of November 19, written to the defendant.   Without explanation, the language of the letter

might suggest a possibility of an arrangement with the principal to extend the time of payment without the consent of the defendant, which might discharge her as a surety. The testimony tended to show that the proposition referred to was made by the defendant's husband in her behalf.

The case rightly was submitted to the jury.

*Exceptions overruled.*