**FORD MOTOR CREDIT COMPANY**

v.

**MACHIAS FORD, MERCURY, INC.**

Supreme Judicial Court of Maine.

Argued May 2, 1986.

Decided May 20, 1986.

**1.** *Ford Motor Credit Company v. Machias Ford,* *Mercury, Inc.,* 509 A.2d 658 (Me.1986).

Gross, Minsky, Mogul & Singal, Steven J. Mogul (orally), Bangor, for plaintiff.

Francis J. Hallissey (orally), Machias, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

ROBERTS, Justice.

On May 28, 1985 Machias Ford Mercury, Inc. appealed a District Court, Machias, judgment in favor of Ford Motor Credit Company in its forcible entry and detainer action for possession of three motor vehicles, 14 M.R.S.A. § 6012 (1980). With the notice of appeal Machias Ford filed a document entitled "Recognition", executed only by Machias Ford and purporting to bind it in the sum of $10,075 conditioned upon payment to Ford Motor Credit of any damages and costs occasioned by the appeal. On October 17, 1985 the Superior Court, Washington County, dismissed the appeal for noncompliance with the security requirement of section 6012.

■ Before us the parties disagree substantially as to the means of perfecting an appeal and furnishing security under section 6012, which provides in part "either party may have five days in which to appeal the judgment of said District Court, provided the appellant shall be required to give a sufficient surety or sureties to adequately protect the interest of the appellee during said appeal." We need not resolve all of the points of dispute, nor describe the exact nature and timing of the security requirement. Sufficient for the disposition of this appeal is our determination that an instrument signed only by Machias Ford's treasurer in her official capacity does not furnish *any* surety, sufficient or insufficient. A surety is one who undertakes to perform in the event of default by the principal. *See Read v. Cutts*, 7 Me. 186, 189 (1831). One cannot be a surety for one's own performance. Additionally, we reject Machias Ford's contention that no security is required under section 6012 unless and until the District Court so orders.

The entry is:

Judgment affirmed.

All concurring.