## FORD MOTOR CREDIT COMPANY

### v.

### Kenneth RAMSDELL, et al.

Supreme Judicial Court of Maine.

Argued May 2, 1986.

Decided May 20, 1986.

Gross, Minsky, Mogul & Singal, Steven J. Mogul (orally), Bangor, for plaintiff.

Francis J. Hallissey (orally), Machias, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, WATHEN and SCOLNIK, JJ.

ROBERTS, Justice.

The defendants, associated in various ways with a Ford dealership, have appealed an interlocutory order of the Superior Court, Washington County, approving a writ of attachment in the amount of $32,-000 under M.R.Civ.P. 4A to secure payment of any judgment that the plaintiff, Ford Motor Credit Company, may recover. The complaint alleges that certain amounts are due the plaintiff by virtue of a "dealer recourse provision" in various conditional sales contracts assigned to it by the dealership and that additional amounts are due because the dealership had misrepresented certain sales transactions. We entertain this appeal from an interlocutory order by virtue of the "collateral order" exception to the final judgment rule. *Northeast Investment Co. v. Leisure Living Communities,* 351 A.2d 845, 847–51 (Me.1976).

Our procedural rule requires, *inter alia,* that the plaintiff's affidavits set forth specific facts sufficient to warrant the required findings that the plaintiff will recover judgment in an amount equal to or greater than the amount of the attachment over and above the aggregate of any liability insurance, bond, or other security. M.R. Civ.P. 4A(c), (h). Although copies of the assignment agreements in the record were incomplete, the defendants conceded at oral argument that copies subsequently furnished reflected the nature of the assignments. We understand that the defendants do contend, however, that the record before the Superior Court was not sufficient to support the amount of $32,000. The principal basis for the defendants' contention is the fact that the District Court had granted the plaintiff a writ of possession for three automobiles in a separate forcible entry and detainer action also before us on appeal.

We conclude that the defendants' argument is without merit. The District Court order did not become final until we affirmed the dismissal of the appeal in the forcible entry and detainer case.[1] Clearly the plaintiff need not consider the vehicles as security in its Superior Court case unless and until it finally gains possession of them.

The entry is:

Judgment affirmed.

All concurring.

**FORD MOTOR CREDIT COMPANY**

v.

**MACHIAS FORD, MERCURY, INC.**

Supreme Judicial Court of Maine.

Argued May 2, 1986.

Decided May 20, 1986.

---

**1.** *Ford Motor Credit Company v. Machias Ford,* *Mercury, Inc.,* 509 A.2d 658 (Me.1986).