**KUBOTA TRACTOR CORP.**

v.

**CONSTRUCTION EQUIPMENT RENTALS, INC.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 18, 1994.
Decided Feb. 1, 1995.

**422**

Michael A. Nelson, Jensen, Baird, Gardner & Henry, Portland, for plaintiff.

Philip P. Mancini, Cloutier & Briggs, Rockport, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and LIPEZ, JJ.

RUDMAN, Justice.

Construction Equipment Rentals, Inc. (CER) appeals the order of the Superior Court (Cumberland County, *Bradford, J.*) dismissing CER's appeal from a Forcible Entry and Detainer (FED) judgment (Portland, *MacNichol, J.*) in favor of Kubota Tractor Corporation (Kubota). The court concluded that the District Court, not the Superior Court, must determine pursuant to 14 M.R.S.A. § 6012 (1980) whether a party has provided sufficient surety for an appeal of a FED judgment. We affirm the judgment of dismissal albeit for a different reason than that expressed by the Superior Court.

CER and Kubota entered into an agreement whereby Kubota financed CER's purchase of both new and used heavy equipment and retained a security interest in the equipment purchased and all proceeds from the sale or lease of any of the equipment. In March 1994, Kubota filed a FED action in the District Court to enforce its security interest alleging a default under this agreement. The District Court entered a judgment in favor of Kubota.

Pursuant to M.R.Civ.P. 80D(f) and 14 M.R.S.A. § 6012, CER appealed to the Superior Court. With the notice of appeal, CER filed a copy of the personal guaranty of Theodore Mundy, which guaranty had previously been given as security for the debt of CER to Kubota. In response, Kubota filed a motion to dismiss the appeal on the ground that CER failed to provide a sufficient surety to protect Kubota's interests in the property during the pendency of the appeal.

The statute controlling FED actions requires one who appeals from a judgment of the District Court "to give sufficient surety or sureties to adequately protect the interests of the appellee of said appeal." 14 M.R.S.A. § 6012 (1980).

CER simply offered a general guaranty previously furnished as part of the business dealings between the parties, rather than security specifically addressed to its appeal. The proferred surety is insufficient as a matter of law. *See Ford Motor Credit Co. v. Machias Ford, Mercury, Inc.*, 509 A.2d 658 (Me.1986).

The entry is:

Judgment affirmed.

All concurring.