Parsons, C. J.
The sufficiency or insufficiency of the declara *424 tian, is the issue in law before us. It is contended for the defendant, that his promise is to pay, not his own debt, but the debt of another, and that there is no consideration to support this collateral promise.
It is true that a promise to pay the debt of another is void, unless made on a sufficient consideration. But this principle does not appear applicable to the case before us. As this case is presented by the pleadings, Cobb and the defendant each assumes, for value received, to pay to the plaintiff, the same sum; Cobb’s promise being on one side of the paper, and the defendant’s on the other; the defendant’s promise not importing any guaranty or collateral stipulation. If, as has been suggested, the defendant endorsed his name as a guarantor, and the present endorsement was afterwards made without his consent, or any authority from him, he should not have demurred to the declaration, but should have pleaded the general issue, and on the trial he might have availed himself of this defence. As he has demurred to the declaration, he has confessed it, and as it appears to us to be substantially sufficient, the plaintiff must have judgment (a).

 Vide Hunt vs. Adams, 7 Mass. 518. and 6 Mass. 519. Sed vide cases in the note to Hunt vs. Adams, ante, 358. — Blankenhagen vs. Blundell, 2 Barn. & Ald. 417. — Coolidge vs. Ruggles, 15 Mass. 387. — Tenny vs. Prince, 4 Pick. 385 S. C. — 7 Pick. 243 on another trial.