## LESTER UNDERWOOD

*v.*

## JOHN HOSSACK.

1. GUARANTY—*presumption as to when made.* It is a presumption of law, in the absence of proof to the contrary, that a warehouseman's receipt and a guaranty indorsed thereon, were executed at the same time, and parts of the same transaction.

2. SAME—*province of jury to decide as to when made.* It is the province of the jury, and not of the court, to determine whether there is proof tending

to show that a warehouseman's receipt and guaranty thereon, were made at the same time.

3. Consideration—*forbearance.* The forbearance of A. to collect a debt of B. by giving further time, is a sufficient consideration for a contract by C. to guaranty the payment of a debt due from D. to B. where it is done by the mutual agreement of all parties.

4. Same—*extension of time for performance.* An extension of time for the performance of an agreement or for the payment of a debt forms a sufficient consideration to support a contract.

5. Statute of frauds—*indorsement on an instrument not negotiable takes a promise out of its operation.* When a third person indorses his name on an instrument not negotiable, as guarantor, the holder being authorized to fill up the contract of guaranty over his signature, it is such a contract or memorandum in writing, as would take the promise out of the operation of the statute of frauds.

Writ of Error to the Circuit Court of the County of La Salle; the Hon. Madison E. Hollister, Judge, presiding.

George P. Hossack, being a warehouseman in Morris, Illinois, on the 17th day of October, 1862, issued to Lester Underwood, the following receipt :

" Received in store, of Lester Underwood, forty-six hundred and seventy 27-56 bushels of corn, for account of himself, at owners risk of fire and heating; storage four cents, to one year from date, delivered shelled. H.'s cash advanced, one hundred and sixty-five dollars; interest twelve per cent., due when sold, 1863. If not paid when due the grain to be shipped and sold to pay advance, interest, and charges."

On the same day John Hossack placed his name in blank on the back of said receipt, and on the trial of the case D. P. Jones, as attorney for Underwood, filed the blank as follows :

"For value received I hereby guarantee the delivery of the corn mentioned in the within receipt."

On the 24th day of October, 1863, Underwood commenced an action of assumpsit against John Hossack to recover upon the guaranty, and alleged in his declaration that in consider ation that one John Williams, to whom Underwood was

indebted, would forbear and give time to said Underwood for the payment of the money for the period of one year from the date of said receipt, the defendant promised to be accountable to him for the delivery of said corn according to said receipt; that confiding in said promise the said Williams did forbear and give time to said Underwood for the payment of the money in which Underwood was indebted to Williams for, and during the period of one year from the 17th day of October, 1862, that the whole amount of the advances, interest, storage. and charges, were paid by the plaintiff, and were accepted by George B. Hossack, and that said George B. Hossack did not deliver said corn to said plaintiff on the 17th of October, 1863, or any part thereof, but made default, of all which said defendant had notice and was requested to deliver said corn to plaintiff according to the tenor and effect of said receipt, but said defendant neglected and refused so to do.

The defendant plead,

1. The general issue.
2. Want of consideration.
3. The statute of frauds.

To the second plea there was a demurrer filed and sustained by the court. Issue being joined on the first and third pleas, the plaintiff offered in evidence the receipt and guaranty, and by John Williams he proved that defendant signed his name on the back of the receipt on the same day it was dated and delivered; that the advance money was also indorsed on the receipt; that plaintiff was indebted to him some $1,600; that on the 17th day of October, 1862, he came to Morris and found that plaintiff had quite a quantity of corn stored with George B. Hossack; that George would not give as much for the corn as some man in Ottawa, and he sold the corn to the Ottawa man; that he went to Morris for the corn and George had no corn. Underwood and Williams then requested the defendant to secure the delivery of the corn. He first declined, but when told that the man to whom George had sold the corn had said that if he (Williams,) would let him have the receipt he would

wind George up or break him, he consented. In the conver-
sation Williams said to both of them that if the corn was
secured he would wait on Underwood one year, until the corn
was delivered, for his pay. The defendant then proposed to
put his name on the back of the receipt, and said if that was
not sufficient he was willing to give a writing that would secure
it. Defendant then signed the paper, Underwood being present.
He further stated that nothing was said by John Hossack about
guaranteeing to the amount of $1,000; that he (Williams)
agreed to give Underwood further time, and did give it to him;
that he relied on the grain to the extent of it for his debt, and
that he gave Underwood the extent of the time in consequence
of John Hossack giving security as he did. It was admitted
by plaintiff that his attorney wrote the guaranty over the
defendant's signature at the commencement of the trial. The
defendant proved by Henry L. Hossack that his father, the
defendant, agreed to secure $1,000 in the receipt, and did not
agree to pay the amount of Williams' debt; that Williams
said in the conversation alluded to by Williams in his testimony
that if he got his pay on the corn it would be all right; that
he (Henry) settled with Underwood for the corn at forty-six
cents, deducting storage; that he (Henry) was to advance $100,
and his father $100, on George's account; that Underwood was
to call next day and settle it, not having the receipt with him
at that time.

After the testimony was closed the following instruction was
given by the court to the jury, at the request of defendant's
attorney:

*First.* "That there being no consideration proved for the
promise of the defendant," the jury should find for the
defendant; to which instruction plaintiff excepted.

The jury returned a verdict for the defendant.

Plaintiff moved for a new trial, which was overruled by the
court, to the overruling of which motion plaintiff also excepted.
Thereupon the plaintiff sued out this writ of error for the pur-
pose of presenting the questions,

1.   As to the liability of a guarantor upon an instrument of writing not negotiable; and

2.   Whether an agreement to forbear and give time to the maker of such an instrument, by a third person, not a party to it, to whom the holder thereof is indebted, is a sufficient consideration to support an action against a guarantor thereon.

Mr. DAVID P. JONES, for plaintiff in error.

Messrs. LELAND & BLANCHARD, for defendant in error

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

It is insisted, in support of the judgment below, that there was no guaranty to deliver the corn for which the receipt was given.   Until rebutted, the production of such an instrument, raises a presumption that the receipt and guaranty were executed at the same time and as part of the same transaction. When read in evidence, without further proof, such would have been the legal effect of the receipt.   If executed and delivered simultaneously, and before the corn was delivered to George Hossack, or if the corn was delivered in pursuance of the agreement, then the corn was the consideration and supported the receipt and guaranty.   This was a question for the jury.   Whether such was the consideration, or something else, was proper for the consideration of the jury, and should not have been taken from them by the instruction of the court.

It is, however, proper to consider whether there was evidence tending to show that there was, in fact, any consideration to support the guaranty of the delivery of the corn.   It appears that Underwood held the receipt when he and Williams came to defendant in error to procure the guaranty or some other arrangement.   It appears that Williams agreed that if the guaranty was made, he would extend the time for the payment of a debt Underwood owed him, for a year from that date.

This seems to have been understood by all the parties and to have entered into the arrangement. Williams, according to the agreement, gave the time, and Underwood did not call for the corn or pay for it for the same length of time. The evidence also shows that George had disposed of Underwood's corn and was unable to deliver it to him, that or other grain in its stead. It also appears that a third party was desirous of getting the receipt, and to prosecute George, and of this defendant in error was fully aware, and was no doubt solicitous that George should not be broken up in his business by proceedings on this receipt.

There was, therefore, an extension of time procured for Underwood to pay Williams, and the same time for George to procure corn to replace Underwood's, or to raise the money to pay him. By this arrangement Underwood was lulled into security, and did not take any steps against George, or transfer the receipt to others who would have done so, and time and opportunity were offered to George to dispose of any means he had, and leave the country before the expiration of the time. It is true that the evidence does not show an express agreement to extend time to George, but it may, we think, be inferred from the evidence. Williams, who was present, says it was the agreement that George was to pay Underwood a thousand dollars on the corn receipt within a few weeks, and the balance during the year. If this was true there can be no doubt that there was an extension of time by Underwood to George as to Underwood by Williams, and this witness is disinterested. It is true, that another son of defendant in error gives a different version of the matter, and it was for the jury to determine which they would believe.

All of the authorities agree that an extension of time for the payment of a debt, or the performance of an agreement, forms a sufficient consideration to support a contract. If then, there was an extension of the time for the delivery of the corn to Underwood, which George seems to have appropriated to his use, or to pay the money, there would be no doubt that

defendant in error could not insist upon a want of consideration. And we think there was evidence tending to show such a consideration, and the jury should have been permitted to have passed upon its weight.

Again, we are of the opinion that if by the forbearance of Williams, to collect his debt from Underwood, by the mutual agreement of all parties, and as the consideration of the guaranty by defendant in error, it would render the contract of guaranty, legally valid and binding. And as to this, Williams' evidence is clear and explicit, and certainly was of a character to require that it should be considered by the jury.

It was likewise urged that the guaranty was not in writing, and consequently void under the statute of frauds.'

In this case, defendant in error indorsed his name on the back of this receipt, as the evidence shows, for the express purpose of becoming a guarantor, and thereby to procure further time, for George, to deliver the corn or to pay the money. Under the agreement then made, the holder was authorized to write the contract of guaranty over his signature thus indorsed on the receipt. *Moies* v. *Bird*, 11 Mass. 436; *Griswold* v. *Slocum*, 10 Barb. 402; Story on promissory notes § 474 and note. And these authorities fully support the doc trine that this may be done when a third person indorses his name on an instrument not negotiable. On such an instrument he can not become liable as indorser; nor can he become liable as maker unless he places his name on the instrument at the time of its execution; and as in such a case he manifestly intends to become liable in some capacity or other, to the holder, it can only be as a guarantor.

In this case defendant in error placed his name on the receipt as guarantor, if the evidence may be credited. And such being the contract, the holder was authorized to fill up the contract of guaranty over his signature, and this too, as we have seen from the authorities referred to, although the instrument was not negotiable. This then was such a contract or memorandum in writing as would take the promise out of the

operation of the statute of frauds. Considering the case in any view in which it is presented by this record, we are satisfied that the court below erred in taking the case from the consideration of the jury, by the instruction, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*