AUGUSTUS E. SCOTT *vs.* W. A. CALKIN & another.

Suffolk.   Jan. 16. — June 24, 1885.   FIELD, DEVENS, & COLBURN, JJ.,
absent.

B., the grantee of land subject to a mortgage, which he assumed and agreed to pay, promised A., the assignee of the mortgage and the indorsee of the promissory note secured thereby, in consideration of A.'s agreement to forbear foreclosure of the mortgage for a certain time, the note being overdue and unpaid, to become responsible for the payment of the note, and wrote his name upon the back of the note for that purpose; and A. forbore to foreclose the mortgage, and B. afterwards made payments on the note. *Held,* in an action by A. against B., that the indorsement of the note by B. imported a guaranty of the payment of it to A., and authorized A. to write over B.'s name, during the trial, the words, "I guarantee the payment of the within note."

CONTRACT, in three counts, against W. A. Calkin and Louise Cherrington, to recover the balance of a promissory note for $3000, dated August 31, 1875, payable to Hepsibeth Pierce or order, in instalments of $100 once in each three months, signed by the defendant Calkin, and indorsed by Pierce. It also bore upon the back the signature of the defendant Cherrington. The first count was against the defendant Calkin as maker of the note; the second was against the defendant Cherrington as guarantor; and the third was against Cherrington as maker and original promisor. Cherrington, who alone defended, answered, among other things, that she had received no notice of the nonpayment of the note, and that her promise was to pay the debt of another, and was not in writing.

Trial in the Superior Court, without a jury, before *Knowlton,* J., who reported the case for the determination of this court, in substance as follows:

It appeared that Calkin made the note at the time of its date, and gave it to Pierce, with a mortgage upon his real estate to secure it. Pierce indorsed the note, and assigned the mortgage,

for a valuable consideration, to the plaintiff. Calkin sold said real estate to Cherrington, who assumed and agreed to pay the debt secured by the mortgage upon it. In the fall of 1880, after the plaintiff had become the owner of the note, several payments being overdue, he had an interview with Cherrington, and told her that the note must be paid, and payments must begin at once, or he should foreclose the mortgage. She told him she had plenty of property to pay the note, but could not conveniently avail herself of it immediately. It was finally agreed between them that he should forbear foreclosing the mortgage for six months, and that she, in consideration thereof, should become responsible to him for the payment of the note. She then signed her name upon the back of the note, for the purpose of making herself so responsible, and the plaintiff forbore to foreclose the mortgage, and she afterwards made several payments.

There was no evidence of any subsequent notice to her of demand upon Calkin and his nonpayment; but the judge found that she undertook to make the payments herself, and, with full knowledge of what payments were in arrears, repeatedly promised to pay the plaintiff, and waived demand and notice, if in any event they might have been required.

The defendant Cherrington asked the judge to rule that the statute of frauds was a bar to the plaintiff's recovery.

After the arguments, and while the case was under consideration by the judge, the plaintiff was permitted, against the exception of the defendant Cherrington, to write upon the original note, over her signature, the words, " I guarantee the payment of the within note."

The judge found for the plaintiff against both defendants. If the defendant Cherrington was prejudiced by error in law in the proceedings, the finding was to be set aside, and a new trial ordered, or such other order entered as law and justice might require; otherwise, judgment to be entered for the plaintiff upon the finding.

*W. R. Richards*, for the defendant.

*E. B. Powers*, for the plaintiff.

W. ALLEN, J. The indorsement of the note by the defendant Cherrington, under the circumstances proved, imported a guaranty of the payment of the note to the plaintiff, and gave

him authority to write, over her name, the contract implied by law; and this, if necessary at all, could be done during the trial. *Josselyn* v. *Ames*, 3 Mass. 274.  *Tenney* v. *Prince*, 4 Pick. 385.

The finding of the court renders immaterial the question whether demand and notice were necessary.

*Judgment for the plaintiff.*