ELIZABETH A. FLETCHER *vs.* L. J. STURTEVANT & another.

Suffolk.    January 12, 1920. — March 5, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Bills and Notes,* Indorser. *Statute of Limitations.*

*It seems,* that, under the provisions of R. L. c. 202, § 14, the statute of limitations is a bar to an action upon a promissory note payable upon demand, brought more than six years after its date against one of two makers who has not acknowledged the debt nor promised in writing to pay it, although his joint maker has made payments upon the note within six years before the action was begun.

If no demand for the payment of a promissory note, payable upon demand, has been made during more than six years after its date upon one who merely signed his name upon its back before its delivery, and who therefore by R. L. c. 73, § 80, is deemed to be an indorser, an action thereafter begun against him upon the note is barred by the statute of limitations, R. L. c. 202, § 2, cl. 1, § 14, although the maker of the note has made payments upon it within six years of the bringing of the action.

CONTRACT, by the payee named in two promissory notes against L. J. Sturtevant, who signed as maker, and R. M. Sturtevant, who signed the instruments on the back before they were delivered, for a balance due upon the notes. Writ in the Municipal Court of the City of Boston dated January 15, 1918.

The defendant L. J. Sturtevant was defaulted. The action was tried in the Municipal Court against R. M. Sturtevant (hereinafter called the defendant). At the close of the evidence, the plaintiff asked for the following rulings:

"1. That, if the notes set forth in the plaintiff's declaration were signed by both of the defendants before delivery to the plaintiff, and on the statement of the plaintiff that she would not advance the money merely on the note of the defendant L. J. Sturtevant, but must have notes from both of the defendants, then the defendants are co-makers of the notes, and the plaintiff is entitled to consider the defendant R. M. Sturtevant as the co-promissor with the defendant L. J. Sturtevant.

"2. That, if the defendant R. M. Sturtevant is a co-maker with the defendant L. J. Sturtevant, then neither of the defendants is entitled to a demand and notice of non-payment.

"3. That, the notes set forth in the plaintiff's declaration being payable on demand, the bringing of this action is a sufficient demand.

"4. That, if payments were made by the defendant L. J. Sturtevant on said notes within six years from the date of the bringing of this action, then this action is not barred by the statute of limitations against either of said defendants.

"5. That, if payment were made on said notes by the defendant L. J. Sturtevant within six years from the date of the bringing of this action to the knowledge of the defendant R. M. Sturtevant, then this action is not barred by the statute against the said R. M. Sturtevant.

"6. If within six years from the date of the bringing of this action the defendant R. M. Sturtevant acknowledged that said notes were still outstanding and enforceable, and promised that the same would be paid, then the action is not barred by the statute of limitations against the said R. M. Sturtevant.

"7. That if the plaintiff would not have loaned the money and taken the notes without the signature of the defendant R. M. Sturtevant, then the same are supported by sufficient consideration as against said R. M. Sturtevant."

The judge denied these requests and found as a fact that the defendant signed the notes in question on the back thereof, although before delivery; that he never paid any part of either the principal or the interest due on the notes; that no demand for the payment thereof ever was made on him, and that the notes were dated February 29, and October 2, 1899, and were not witnessed. He ruled that the defendant was not a co-maker but an

indorser, and that, as to him, the action was barred by the statute of limitations.

At the request of the plaintiff, the judge reported the case to the Appellate Division, who dismissed the report. The plaintiff appealed.

Material statutory provisions are the following:

R. L. c. 73, § 34, cl. 6. "Where a signature is so placed upon the instrument that it is not clear in what capacity the person making the same intended to sign he is to be deemed an indorser."

R. L. c. 73, § 80. "A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity."

R. L. c. 73, § 106. "Except as herein otherwise provided, when a negotiable instrument has been dishonored by non-acceptance or non-payment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged."

R. L. c. 202, § 12. "No acknowledgment or promise shall be evidence of a new or continuing contract whereby to take an action of contract out of the operation of the provisions of this chapter or to deprive a party of the benefit thereof, unless such acknowledgment or promise has been made by, or is contained in, a writing signed by the party who is chargeable thereby."

R. L. c. 202, § 14. "A joint contractor or his executor or administrator shall not lose the benefit of the provisions of this chapter so as to be chargeable by reason only of an acknowledgment or promise made or signed, or by reason of a payment made by, any other joint contractor or his executor or administrator."

*H. G. Fletcher,* for the plaintiff.

*W. F. Prime,* for the defendant R. M. Sturtevant.

BRALEY, J. The two promissory notes in suit, payable on demand, are signed on the face by the defendant L. J. Sturtevant, and on the back by R. M. Sturtevant, who alone defends and to whom reference will be made as the defendant.

It was decided in *Union Bank of Weymouth* v. *Willis,* 8 Met. 504, that where, as in the case at bar, the defendant before delivery signs on the back of the note, he is a joint and several maker or promisor, and in *Allen* v. *Brown,* 124 Mass. 77, that

parol evidence is inadmissible to show that this was not the real contract. But St. 1874, c. 404, Pub. Sts. c. 77, § 15, required notice of non-payment to all persons becoming parties to promissory notes payable on time by a signature in blank on the back thereof, the same as if they were indorsers. A promissory note payable on demand however is not within the statute, *Hitchings* v. *Edmands,* 132 Mass. 338, and the defendant would not have the rights of an indorser, nor could he be considered as such, if it were not for St. 1898, c. 533, § 63, now R. L. c. 73, § 80, in force when the notes were given, which provides that "A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." *Brooks* v. *Stackpole,* 168 Mass. 537. *Toole* v. *Crafts,* 193 Mass. 110, 111.

But, even if he is treated as maker, the notes were payable at once, and, more than six years having elapsed before the action was begun, the statute of limitations, R. L. c. 202, § 14, would be a bar, as the partial payments made by L. J. Sturtevant which interrupted the running of the statute as to him, were not binding on the defendant. *Fenno* v. *Gay,* 146 Mass. 118. *Peirce* v. *Tobey,* 5 Met. 168. *Balcom* v. *Richards,* 6 Cush. 360. *Faulkner* v. *Bailey,* 123 Mass. 588. If he is deemed an indorser, it is conceded that no notice of non-payment was ever given or demand for payment made before bringing suit.

The trial judge therefore rightly refused to give the plaintiff's requests, and, no error appearing in his rulings, that the defendant is not a co-maker but an indorser, and that as to him the action is barred by the statute of limitations, the order dismissing the report should be affirmed.

*So ordered.*