### DAVID H. GOODMAN *vs.* NATHAN GAULL.

Middlesex. March 8, 1923. — April 14, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Bills and Notes*, Accommodation indorser. *Guaranty.*

A payee, for whose accommodation a negotiable promissory note is indorsed,. cannot enforce it against the accommodation indorser although such indorse-- ment was made after the note had been executed by the maker and delivered to the payee.

A person, who, at the request of the payee of a negotiable promissory note, places. his name upon the back of the note after it has been negotiated, in the absence of circumstances warranting a finding that he actually undertook to guarantee the payment of the note, cannot be held liable as a guarantor.

CONTRACT by the payee against an indorser of a negotiable promissory note for $265. Writ in the First District Court of Southern Middlesex dated May 9, 1921.

On appeal to the Superior Court, the action was tried before *Callahan*, J. Material evidence is described in the opinion. At the close of the plaintiff's evidence, upon motion by the defendant, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*H. R. Scott*, for the plaintiff.

*J. P. Driscoll*, for the defendant, submitted a brief.

BRALEY, J. This is an action by the payee to recover from the defendant as indorser the amount of a promissory note of the following tenor:

"$265.00　　　　　　　　　Framingham, December 13, 1920.

Ninety days after date I promise to pay to the order of D. Goodman two hundred Sixty five Dollars, payable at Framingham Trust Company.

Value received.

　　　　　　　　　　　　　　　　　　　　　　　Bennie Bean.

Endorsements:
　　Nathan Gaull　　　　　　　6¢ U. S. Documentary Stamps."
　　David H. Goodman

It is contended that the defendant indorsed for the accommodation of the plaintiff, and is liable only to holders in due course subsequent to the payee. G. L. c. 107, § 87, cl. 3. See *Quimby* v. *Varnum*, 190 Mass. 211. The genuineness of the defendant's signature was not denied, G. L. c. 231, § 29, and the plaintiff gave the only evidence at the trial, on which the jury would have been warranted in finding, that the maker Bean signed the note and handed it to the plaintiff, who then saw the defendant at his place of business and asked him to indorse it. The plaintiff also stated, "In fact, I asked him a couple of days previous if he will indorse a note for Bennie Bean, so he said he would, so I brought it up to him and he indorsed it without asking me any questions." The circumstances under which the indorsement was made could be shown to determine whether the defendant was an accommodation party, and if so whether he accommodated Bean or the plaintiff. *Haddock, Blanchard & Co. Inc.* v. *Haddock*, 192 N. Y. 499. G. L. c. 107, § 52. But it does not appear that Bean had solicited the defendant's indorsement, or had requested, or authorized the plaintiff to obtain it, or that it was understood between the maker and payee that the note although given for value by Bean was not to become a completed instrument until the defendant's signature had been affixed. *Moore* v. *Cushing*, 162 Mass. 594. See *Spaulding* v. *Putnam*, 128 Mass. 363.

The signing and delivery of the note made the plaintiff the holder, who could pass title. "A negotiable instrument payable to a named payee is negotiated when the physical possession of it is handed for value to the person named as payee." G. L. c. 107, § 18. *Liberty Trust Co.* v. *Tilton*, 217 Mass. 462, 465.

It is plain on the record that the defendant signed for the accommodation of the plaintiff, and the party for whose accommodation a note is given cannot enforce it against the accommodator. It is a mere gratuity. G. L. c. 107, §§ 86, 87, cl. 3. *Lowell* v. *Bickford,* 201 Mass. 543. *Neal* v. *Wilson,* 213 Mass. 336, 338. *Conners Brothers Co.* v. *Sullivan,* 220 Mass. 600, 605. The fact that the indorsement was made after the note had been negotiated does not aid the plaintiff who as between himself and the defendant is not a subsequent holder in due course under G. L. c. 107, §§ 38, 52. *Liberty Trust Co.* v. *Tilton,* 217 Mass. 462. See *Rodocanachi* v. *Buttrick,* 125 Mass. 134, 136.

The plaintiff asks to be allowed to amend and to proceed on the defendant's indorsement as a written guaranty. G. L. c. 231, § 125. But the note fails to show any contract of guaranty. "A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an endorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." G. L. c. 107, § 86. *Fourth National Bank of Boston* v. *Mead,* 216 Mass. 521. *Fletcher* v. *Sturtevant,* 235 Mass. 249. And there are no circumstances on which it could be found that the defendant actually undertook to guarantee the payment of the note as in *Scott* v. *Calkin,* 139 Mass. 529, and *Equitable Marine Ins. Co.* v. *Adams,* 173 Mass. 436.

*Exceptions overruled.*