LOUISE HALLER *vs.* ISAAC KABLER & another.

Suffolk.    November 15, 1929. — January 2, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Bills and Notes,* Accommodation paper.

A judge who heard a suit in equity found that the defendant, in a sale of land by him to the plaintiff's sister, without fraudulent intent induced the sister to have the title taken in the name of the plaintiff; that, in reliance on representations by the defendant to the plaintiff and his sister that the plaintiff would be merely a "straw" and under no financial obligations, the plaintiff took title and executed a second mortgage and mortgage note to the defendant; that the defendant thereafter looked to the sister and her husband for payment of the note until he found out that the plaintiff was financially responsible; that the first·mortgage was foreclosed and the property sold; and that the defendant had brought an action against the plaintiff on the second mortgage note. The plaintiff sought to enjoin the defendant

from transferring the note and from proceeding with the action. A final decree was entered granting the plaintiff such relief. *Held*, that

(1) The note was without consideration;

(2) The plaintiff signed the note for the accommodation of the defendant and therefore was not liable to him thereon;

(3) The final decree was proper.

BILL IN EQUITY, filed in the Superior Court on February 15, 1929.

The suit was heard by *Burns,* J. The bill and material facts found by the judge are described in the opinion. By his order a final decree was entered in accordance with the prayers of the bill. The defendants appealed. The evidence was not reported.

*B. F. Pollack*, for the defendants.

*D. J. McGillicuddy*, for the plaintiff.

CROSBY, J. This is a bill in equity to restrain the defendants from transferring or assigning a promissory note signed by the plaintiff and held by the defendants, and from proceeding with an action at law brought to recover the amount of the note. The case was heard by a judge of the Superior Court. No evidence was reported.

The bill alleges, in substance, that on or about December 17, 1927, the plaintiff's sister, Mary Congarl, entered into negotiations with the defendants who were endeavoring to sell her a certain parcel of real estate; that to induce her to purchase they falsely represented the value, income and other material matters relating to the property, and later they induced her to apply for a mortgage on the property to the Workmen's Co-operative Bank in Boston for the sum of $8,000; that they fraudulently represented to her that she could not legally take title, and suggested to her, and fraudulently induced her, to obtain the plaintiff to act as a "straw owner" of the real estate, representing that there would be no financial responsibility on the part of the plaintiff; that the defendant Mendelson subsequently made similar false representations to the plaintiff and assured her that the sole reason for her to take title was that her sister could not, and promised her that she would never have any trouble or expense and would be consid-

ered merely as a straw owner if she would allow the property to be placed in her name; that relying upon these representations the property was conveyed to her, and she signed a note and mortgage in the sum of $6,000 to the Workmen's Co-operative Bank, and a second mortgage and note in the sum of $2,000 to the defendants; that at the time she negotiated the notes the defendants promised her that they would in no way hold her responsible for the payment of the same; that thereafter the defendants threatened the plaintiff and her sister to bring suit against the plaintiff, and to foreclose the mortgage; that the defendants, believing that the plaintiff was financially responsible, did not collect the rents accruing from the property although they had been assigned to them by the plaintiff at their request. The bill further alleges that, by reason of the failure of the defendants to pay the holder of the first mortgage the sums due thereon, the bank took possession of the real estate and subsequently foreclosed its mortgage and bid in the property for a sum less than the amount of the mortgage. It is also alleged that the defendants have brought an action against the plaintiff on the note for the recovery of $2,500.

The trial judge found that the defendants induced Mrs. Congarl to apply for a loan for $8,000; that the application was in her maiden name of Mary Haller, and that the defendants' attorney had advised her that this could be done; that there was no fraud in making the application for the loan or in taking title in her maiden name; that she was induced to ask the plaintiff to take title and to go through with the transaction by reason of the defendants' promise that the plaintiff would be a straw owner, and there would be no financial responsibility; that subsequently the defendants made a similar promise to the plaintiff, who, relying on this promise, took title to the premises, executed the mortgage to the co-operative bank in the sum of $6,000 and a second mortgage to the defendants to secure a note payable to them in the sum of $2,000. The judge further found that there was no intent to defraud when said promise was made to Mrs. Congarl or to

the plaintiff, and that the defendants looked to Mrs. Congarl and to her husband for payment of the note until they learned that the plaintiff was financially responsible. The judge ruled that the foregoing facts would constitute an equitable defence to the action brought on the second mortgage note. A decree was ordered accordingly enjoining the defendants from selling, transferring or otherwise negotiating the note, from proceeding with the action at law, and decreeing that the note was void.

As the evidence is not reported, the facts found must stand. As between the parties it appears that for the convenience of the defendants the plaintiff took title to the property and executed the mortgages. At the request of the defendants she acted merely as a straw owner in whose name the property was to be held. The note for $2,000 was without consideration, and the facts found show that the defendants never intended to collect it from the plaintiff, but considered her sister the real owner of the property, and the obligor of the debt, upon whom they relied for payment until they found that the plaintiff was financially responsible. Between the plaintiff and the defendants she was merely an accommodation party. "As to third parties, the rights and liabilities of an accommodation party are, in general, the same as those of a party receiving valuable consideration for his signature; but between the accommodation party and the person accommodated there is no such liability, and one who draws or indorses commercial paper for the accommodation of another is not liable on it to him, whatever their apparent relation upon the paper may be." *Conners Brothers Co.* v. *Sullivan,* 220 Mass. 600, 605, and cases cited. *Goodman* v. *Gaull,* 244 Mass. 528, 530.

The principles so stated are applicable to the present case. The findings plainly show that the note was without consideration; that the plaintiff is under no legal liability to the defendants, and that in equity she is entitled to the relief which she seeks. The cases cited by the defendants are not applicable to the case at bar.

*Decree affirmed with costs of the appeal.*