BETTY R. SANDLER *vs.* CHARLES F. SCULLEN & others.

Suffolk.    December 11, 1934. — March 4, 1935.

Present: RUGG, C.J., CROSBY, FIELD, & LUMMUS, JJ.

*Bills and Notes,* Accommodation, Presentment, Notice of dishonor, Indorser. *Practice, Civil,* Variance.

Where a promissory note was made for the accommodation of one only of two persons who indorsed it before delivery to the payee, failure to make presentment and to give the indorsers notice of dishonor did not relieve the accommodated indorser of liability to the payee by reason of G. L. (Ter. Ed.) c. 107, §§ 103, 138, cl. 3, but it did relieve the other indorser of such liability.

In an action upon a promissory note against an indorser, proof, that there had not been presentment of the note and that notice of dishonor had not been given to the defendant, but that he under G. L. (Ter. Ed.) c. 107, §§ 103, 138, cl. 3, was not entitled thereto, was admissible under a declaration in which it was alleged that there had been presentment and that notice of dishonor had been given to the defendant.

CONTRACT. Writ in the Municipal Court of the City of Boston dated November 14, 1933.

The action was heard in the Municipal Court by *Bolster,* C.J. Material facts are stated in the opinion. The Chief Justice found for the plaintiff in the sum of $2,748.75 against the defendants Smith and Arnold only. A report to the Appellate Division was ordered dismissed. The defendants Smith and Arnold appealed.

*M. Witte,* (*H. L. Barrett* with him,) for the defendants Smith and another.

*N. Lebowitz,* (*A. deJ. Cardozo* with him,) for the plaintiff.

LUMMUS, J. The mortgage note for $11,500, dated February 6, 1928, upon which a finding was made against the defendants Smith and Arnold, was a renewal of a larger note given to the plaintiff for a loan made to Smith. Both notes were signed as maker by one Scullen, a "straw" of no financial ability, who worked for Smith and signed the notes at the request of Smith without receiving any

consideration. The finding was justified that Scullen signed the note in question, as well as the earlier one, for the accommodation of Smith. G. L. (Ter. Ed.) c. 107, § 52. Smith and Arnold indorsed the note in question before delivery to the plaintiff, the payee. They became what used to be called anomalous parties (*National Bank of the Republic* v. *Delano*, 185 Mass. 424; *Quimby* v. *Varnum*, 190 Mass. 211; *Fletcher* v. *Sturtevant*, 235 Mass. 249), but are now deemed to be indorsers. G. L. (Ter. Ed.) c. 107, §§ 86, 87. *Fourth National Bank of Boston* v. *Mead*, 216 Mass. 521.

Where the maker of a note signs it for the accommodation of an indorser, the latter is not entitled to presentment of the note for payment, nor to notice of dishonor, for he has no reason to expect that he will not be required to pay such a note at maturity, or that the maker will pay it. G. L. (Ter. Ed.) c. 107, §§ 103, 138, cl. 3. *Attleboro Trust Co.* v. *Johnson*, 282 Mass. 463, 466. No presentment for payment was made of the note in question, and no notice of dishonor was given to Smith or Arnold. Smith was not thereby freed from liability, for he was the party accommodated, and in reality the principal debtor. But we find no evidence to justify the finding that the note was made for the accommodation of Arnold also. The liability of Arnold ended upon the failure to make presentment and give notice. He was entitled to the ruling which he requested, that against him the plaintiff was not entitled to recover.

As to Smith, the declaration set out that he was an indorser, and that there was due presentment for payment and notice of dishonor. It did not state the existing valid excuse for the failure to make presentment and give notice. Smith asked a ruling that recovery could not be had upon the declaration, because of a variance between the declaration, which alleged presentment and notice, and the proof, which showed that they were unnecessary. Before the negotiable instruments act (St. 1898, c. 533; G. L. [Ter. Ed.] c. 107), a waiver of presentment and notice, or an excuse for their omission, could be shown under a declaration which alleged presentment and notice. *Harrison* v.

*Bailey,* 99 Mass. 620. *Armstrong* v. *Chadwick,* 127 Mass. 156. It may be that these cases are anomalous and exceptional. G. L. (Ter. Ed.) c. 231, § 7, Second. *Colt* v. *Miller,* 10 Cush. 49, 51. *Palmer* v. *Sawyer,* 114 Mass. 1, 13. *Putnam-Hooker Co.* v. *Hewins,* 204 Mass. 426, 430. *Goldberg* v. *Lynn Manufacturers & Merchants Mutual Fire Ins. Co.* 276 Mass. 213, 215. *Friedman* v. *Orient Ins. Co.* 278 Mass. 596, 600. But they remain the law of this Commonwealth. Nothing in the negotiable instruments act appears to touch this point of pleading. The finding against the defendant Smith was without error.

The result is, that the order of the Appellate Division is reversed. Judgment is to be entered against the defendant Smith on the finding, but in favor of the defendant Arnold. G. L. (Ter. Ed.) c. 231, § 124.

*So ordered.*