GLOUCESTER MUTUAL FISHING INSURANCE COMPANY *vs.* BLANCHE DAVIS BOYER & others.

Essex. January 13, 1936. — March 2, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Bills and Notes*, What constitutes negotiable instrument, Anomalous party, Nonnegotiable instrument, What constitutes promissory note. *Contract*, Construction, Consideration. *Guaranty*. *Frauds, Statute of*.

A writing, expressly given to a mutual insurance company by a shareholder as collateral security for the payment of future assessments by the company as and when made and of his premium notes, was not a promissory note nor an instrument governed by the law merchant, and, while a third party signing it on its back before delivery under a separate date, "Waiving demand and notice," did not become liable as an anomalous party thereto, his signature imported a guaranty of

performance thereof and was sufficient in the circumstances to satisfy the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Second, and to make him liable upon consideration for his guaranty being shown in that the company accepted it and issued insurance.

CONTRACT. Writ dated February 10, 1931.

The action was heard in the Superior Court by *Gray*, J., without a jury. There was a finding for the defendant. The plaintiff alleged exceptions.

*J. M. Marshall*, for the plaintiff.

*J. A. Boyer*, for the defendants.

LUMMUS, J. The plaintiff company was incorporated by St. 1847, c. 36, extended by St. 1866, c. 7. It is engaged in the business of insuring fishing vessels and their cargoes. It does business on an annual basis, and its fiscal year begins and ends with the annual meeting on November 15. Shares are valued at $1,000 each, and for each share a stockholder must give a note for $200 with security satisfactory to the directors. Each share is assessable to the amount of $200. Only a stockholder may apply for insurance. In case of losses "the directors may, whenever they think it necessary, cause the Secretary to lay an assessment upon the stock notes of the Company sufficient to cover any losses." Profits and losses are divided each year according to "the premiums earned by the Insurance on the stock held by each Stockholder."

The Fred L. Davis Co., a corporation owning and operating fishing vessels at Gloucester, made application in writing for and received insurance from the plaintiff, and subscribed for stock in the plaintiff, to the amount of $15,000, for the years beginning on November 15 in 1926, 1927 and 1928. On that day in each year it signed, by its proper officer, an instrument bearing the date and reading as follows: "For value received We, Fred L. Davis Co. promise to pay to the Gloucester Mutual Fishing Insurance Company, or order, Three Thousand Dollars, in such sums, and at such times as may be required for its use, agreeably to its By-Laws, together with all that may become due said Company on any and all premium notes given by us during the years . . . [here the calendar year of the date

and the following year were named]. This note is to be held by it as collateral security for such payment." On the back was written "Waiving demand and notice," followed by the same date shown on the face of the instrument, and the signatures of the three defendants, who were substantially all the stockholders of the Fred L. Davis Co.

The defendants sold their stock in that company in the summer of 1929, and that company became clearly insolvent in 1930. It owes the plaintiff, for premiums and assessments under the by-laws, $4,340.68, and the plaintiff contends that the defendants are liable for this upon the instruments just recited.

The judge ruled that the evidence would not warrant a finding for the plaintiff, and found for the defendants. The plaintiff excepted.

A promissory note, to be negotiable, must contain "an unconditional promise . . . to pay a sum certain in money" and must "be payable on demand or at a fixed or determinable future time." G. L. (Ter. Ed.) c. 107, §§ 23, 15. The instruments in question cannot be negotiable promissory notes, because the sum, $3,000, plus the total of such premium notes as may be given, less possible payments, for which the instrument is "collateral security," is not a "sum certain." *Haskell* v. *Lambert*, 16 Gray, 592. *Costelo* v. *Crowell*, 127 Mass. 293. *Central National Bank* v. *Hubbel*, 258 Mass. 124. *Maksymiuk* v. *Puceta*, 279 Mass. 346, 352. The instruments fail as negotiable promissory notes for the further reason that the time of payment is not "fixed or determinable," since the time depends upon the possible future requirements of the payee under its by-laws. § 26. *City National Bank* v. *Adams*, 266 Mass. 239, 246, 247. Since the instruments were not negotiable, the sections of the negotiable instruments law which convert into indorsers "anomalous parties" who sign on the back before delivery, have no application. § 15. *Sandler* v. *Scullen*, 290 Mass. 106. *Fletcher* v. *Sturtevant*, 235 Mass. 249.

Are the defendants liable as anomalous parties to nonnegotiable promissory notes, which are not affected by the

negotiable instruments law?  G. L. (Ter. Ed.) c. 107, § 15. In this Commonwealth the law has long been settled, that one who signs his name on the back of a nonnegotiable promissory note — the statement must be limited to such notes because negotiable notes are now governed by the negotiable instruments law — before delivery to the payee, with intent to assume some obligation to the payee, makes a definite contract the terms of which are fixed by law. · He becomes a comaker, in the nature of a surety. *Hunt* v. *Adams*, 5 Mass. 358. *Hunt* v. *Adams*, 6 Mass. 519. *Carver* v. *Warren*, 5 Mass. 545. *Moies* v. *Bird*, 11 Mass. 436. *Union Bank of Weymouth & Braintree* v. *Willis*, 8 Met. 504. *Bryant* v. *Eastman*, 7 Cush. 111. *Wright* v. *Morse*, 9 Gray, 337. *Essex Co.* v. *Edmands*, 12 Gray, 273. *Patch* v. *Washburn*, 16 Gray, 82. *Stoddard* v. *Penniman*, 108 Mass. 366. *Way* v. *Butterworth*, 108 Mass. 509. *National Bank of the Republic* v. *Delano*, 185 Mass. 424. Ames, Cases on Bills & Notes, vol. 1, 269, note; vol. 2, 838, 839. Such a signer becomes a party, though an anomalous party, to an instrument governed by the law merchant.  The statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Second, does not apply to the obligation of a party to such an instrument. Williston, Contracts, § 458.  Moreover, in its nature the obligation of an anomalous party under the Massachusetts view is original and not within the statute. *Hunt* v. *Adams*, 5 Mass. 358. *Carver* v. *Warren*, 5 Mass. 545. *Union Bank of Weymouth & Braintree* v. *Willis*, 8 Met. 504, 509–511. Williston, Contracts, §§ 466, 475.

We need not decide whether any difficulty in holding the defendants liable as anomalous parties to nonnegotiable promissory notes results from the statutory requirement of "notice of non-payment the same as an endorser." St. 1874, c. 404.  G. L. (Ter. Ed.) c. 107, § 16. *Fletcher* v. *Sturtevant*, 235 Mass. 249.  The bill of exceptions shows no notice of nonpayment to any of these defendants.  We need not determine whether the words, "Waiving demand and notice," preceding the signatures of the three defendants, apply, as in the case of indorsers, only to the first signer. *First National Bank in Medford* v. *Wolfson*,

271 Mass. 292. *Attleboro Trust Co.* v. *Johnson,* 282 Mass. 463, 466. *Zisman* v. *Gateman,* 293 Mass. 519. The broader ground of the nonliability of the defendants as anomalous parties is that such parties exist only with respect to commercial paper governed by the law merchant. In the present case, the same want of certainty that prevents the instruments from being negotiable prevents them from being promissory notes at all. *Moore* v. *Edwards,* 167 Mass. 74. *Central National Bank* v. *Hubbel,* 258 Mass. 124, 125, 126. *Maksymiuk* v. *Puceta,* 279 Mass. 346, 352.

The underlying principle, however, upon which the liability of an anomalous party in Massachusetts is based, has been applied to ordinary contracts. That principle is, that effect is to be given if possible to every word of an instrument and to every signature upon it. *Costelo* v. *Crowell,* 127 Mass. 293, 294. *Clark* v. *State Street Trust Co.* 270 Mass. 140, 155. *Crimmins & Peirce Co.* v. *Kidder Peabody Acceptance Corp.* 282 Mass. 367, 375. One not mentioned as a promisor in the body of an instrument may become a joint promisor by signing it with the apparent intention of assuming some obligation. *Blackmer* v. *Davis,* 128 Mass. 538. We need not decide whether, as in the case of an anomalous party to a promissory note, a signature on the back may have the same effect as a signature on the face. In the present case the back of the instrument is separately dated, and bears above the signatures the words, "Waiving demand and notice." These facts negative an intent to join in the promise expressed on the face of the instrument.

The only effect that can be given to the signatures of the defendants is that they guaranteed the performance by the corporation of the promise expressed on the face of the instruments. Such a guaranty is within the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Second, and cannot be enforced unless in writing. *Swift* v. *Pierce,* 13 Allen, 136. *Alexander* v. *Dove,* 231 Mass. 362, 365. *Kalker* v. *Bailen,* 290 Mass. 202. A simple signature on the back of an instrument has been held sufficient, notwithstanding the arguments to the contrary in *Hodgkins* v. *Bond,* 1 N. H.

284, where the signer orally (*Sanborn* v. *Flagler*, 9 Allen, 474, 477; *White* v. *Dahlquist Manuf. Co.* 179 Mass. 427, 431) authorized the later insertion above the signature of words of guaranty and they were so inserted. *Ulen* v. *Kittredge*, 7 Mass. 233. *Tenney* v. *Prince*, 4 Pick. 385. *Scott* v. *Calkin*, 139 Mass. 529. *Equitable Marine Ins. Co.* v. *Adams*, 173 Mass. 436, 438. *Kahn* v. *Waldman*, 283 Mass. 391, 395, 396. See also *Maksymiuk* v. *Puceta*, 279 Mass. 346, 354. Where a party to an instrument not governed by the law merchant writes his name on the back, his simple signature is ambiguous, for conceivably he may be assigning his rights and promising nothing. In such a case his signature, without more, may not show a guaranty sufficient under the statute of frauds. *Gushee* v. *Eddy*, 11 Gray, 502, 504. *Patterson* v. *Poindexter*, 6 Watts & Serg. 227, 234, 235. *Thomson* v. *Koch*, 62 Wash. 438, 443. *Story* v. *Lamb*, 52 Mich. 525, 528. *McCurdy* v. *Bowes*, 88 Ind. 583. 79 Am. L. R. 732, *et seq.* But in the present case the signers had nothing to assign, the words of waiver preceding the signatures showed an intent to assume some liability, and the signatures are meaningless unless expressive of a guaranty of the performance of the contract. *Underwood* v. *Hossack*, 38 Ill. 208, 214. *Richards* v. *Warring*, 1 Keyes, 576. In our opinion, the insertion of words of guaranty above the signatures in order to comply with the statute of frauds, is an unnecessary form where, as in this case, the signatures of themselves imported the same guaranty that the payee is authorized to insert. See *Scott* v. *Calkin*, 139 Mass. 529, 531; *Equitable Marine Ins. Co.* v. *Adams*, 173 Mass. 436, 438.

The consideration for the guaranty need not be shown by writing. *Packard* v. *Richardson*, 17 Mass. 122. G. L. (Ter. Ed.) c. 259, § 2. Consideration nevertheless must be alleged and proved. *Oxford Bank* v. *Haynes*, 8 Pick. 423, 427. *Stone* v. *White*, 8 Gray, 589, 593, 594. *Green* v. *Shepherd*, 5 Allen, 589. *Atlas Shoe Co.* v. *Bloom*, 209 Mass. 563, 567. *Davis* v. *H. S. & M. W. Snyder, Inc.* 252 Mass. 29, 36. Questions of pleading in this case are waived, but the question whether there is evidence of consideration

for the guaranty is open. It appears that after the instruments in question were executed, they were tendered to the plaintiff and approved and accepted by it, and that afterwards on the same day the Fred L. Davis Co. applied for and received insurance. The issuance of the insurance might be found to be the consideration for the guaranty. *Bickford* v. *Gibbs*, 8 Cush. 154. *Rome* v. *Gaunt*, 246 Mass. 82, 94.

The nature of the guaranty did not require any notice to the defendants, either that certain sums had become due under it (*Black, Starr & Frost* v. *Grabow*, 216 Mass. 516; *Lane Brothers Co.* v. *Sheinwald*, 275 Mass. 96; *Vacuum Oil Co. Inc.* v. *Smookler*, 282 Mass. 361, 365; *Mayo* v. *Bloomberg*, 290 Mass. 168, 170–171), or that such sums remained unpaid. *Welch* v. *Walsh*, 177 Mass. 555. *Maksymiuk* v. *Puceta*, 279 Mass. 346, 356. Though the instruments were taken as security for another obligation, they were payable according to their terms, and the defendants guaranteed their payment.

It follows that there was evidence of liability, and that the ruling that as matter of law the plaintiff could not recover was wrong.

*Exceptions sustained.*